IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-464-RGA |
| | ) |
| VICTORINOX SWISS ARMY, INC., | ) |
| | ) |
| Defendant. | ) |

**SCHEDULING ORDER FOR PATENT CASES**

This 29 day of June, 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 21, 2020.

3. <u>Discovery.</u>

    a. <u>Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before June 30, 2021.

    b. <u>Document Production.</u>  Document production shall be substantially complete by February 24, 2021.

1

      c.      <u>Requests for Admission</u>. A maximum of forty (40) requests for admission are permitted for each side.

      d.      <u>Interrogatories</u>. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

      e.      <u>Depositions</u>.

            i.      <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of eighty (80) hours of taking testimony by deposition upon oral examination, excluding expert depositions. No individual deponent may be deposed for more than seven (7) hours, absent a showing of good cause. Depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count toward the total hours limit. For deponents requiring the assistance of an English translator during a deposition, only one-half (0.5) the length of the examination shall count towards the time limit; for example, a deposition requiring an English translator having six hours of examination shall only count as a three-hour deposition under the time limit.

Each expert witness deposition shall be limited to seven (7) hours of testimony per report that the expert submits, absent a showing of good cause. For example, if an expert provided reports on invalidity and on infringement, that expert's deposition would be limited to seven (7) hours for each report for a maximum of fourteen (14) deposition hours, absent good cause.

            ii.      <u>Location of Depositions</u>. Each party's directors, officers, and current employees that reside within the United States shall be presented for deposition at a location in the United States selected by the presenting party. The parties may agree to take depositions remotely via video conferencing technology.

f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g. <u>Miscellaneous Discovery Matters.</u>

i. <u>Initial discovery in patent litigation</u>. On or before July 24, 2020, Plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each patent. Plaintiff shall also set forth its contention as to priority date of each at-issue patent claim, including any date of conception and/or reduction to practice, provisional application date, or the like, and shall

3

produce to the defendant its supporting documentation. On or before August 21, 2020, Defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. On or before September 11, 2020, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. On or before October 9, 2020, Defendant shall produce to plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references.

        ii.       Plaintiff has filed six other actions in other Districts involving the asserted patent, three actions are still pending and three others have been resolved. These actions are identified in Plaintiff's Amended Notice of Related Cases, D.I. 10. Plaintiff does not expect to institute further litigation on the asserted patent in the next year. Defendant does not, at this time, have an expectation one way or the other as to whether it expects to file one or more IPRs.

        iii.      The parties have conferred regarding e-discovery and have agreed to continue conferring with the goal of agreeing upon an e-discovery protocol.

        iv.      If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant within two (2) business days of entry of this Order. Plaintiff agrees to comply with this requirement in this Order. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

        v.       The parties agree that each party will serve any privilege log for documents or communications withheld or redacted on the grounds of attorney-client privilege or work product immunity that includes the following information for each item or category of

documents, where pertinent: production number(s); date; author; recipient(s); carbon copy recipient(s); description sufficient to identify the contents of the withheld or redacted document; and basis for withholding. The parties agree that a party need not identify on its privilege log information or documents withheld from production on grounds of the attorney-client privilege and/or work product immunity to the extent such information or documents were created after April 2, 2020.

  4. <u>Application to Court for Protective Order</u>. The parties will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

 Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before October 23, 2020, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before November 6, 2020, the parties shall exchange their proposed claim construction of those term(s)/phrase(s) identified by the parties as needing construction, including an identification of any intrinsic or extrinsic evidence that will be relied upon to support the construction. This document will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than November 27, 2020. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[1]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on December 18, 2020. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on January 12, 2021. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on January 26, 2021. Defendant shall serve, but

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

6

not file its sur-reply brief, not to exceed 2,500 words, on February 9, 2021. No later than February 17, 2021, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction</u>. Beginning at <u>9:00</u> a.m. on <u>March 17</u>, 2021, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering

---

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before July 28, 2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 25, 2021. Reply expert reports from the party with the initial burden of proof are due on or before September 16, 2021. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before October 13, 2021.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before November 3, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On ___March 11___, 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at _9:00_ a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities

relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on ____April 4____, 2022, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE