## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC,<br><br>             Plaintiff,<br>   v.<br><br>VICTORINOX SWISS ARMY, INC.,<br><br>             Defendant. | Civil Action No. 20-464-RGA |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff
Victorinox Swiss Army, Inc.*

Dated:  January 15, 2021

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    NATURE AND STAGE OF PROCEEDINGS................................................... 1

III.   SUMMARY OF THE ARGUMENT ................................................................. 2

IV.    CONCISE STATEMENT OF FACTS ............................................................. 3

V.     ARGUMENT ....................................................................................................... 7

    A.     Victorinox Diligently Discovered and Confirmed the Bases for the Factual Allegations Set Forth in the Proposed Amended Pleading, and Diligently Sought to Amend Its Pleading .. 8

    B.     Targus Will Not Be Unduly Prejudiced ........................................................ 10

    C.     Victorinox's Amendment Will Not be Futile ................................................ 11

VI.    VICTORINOX'S COMPLIANCE WITH LOCAL RULE 7.1.1 ................................. 12

VII.   CONCLUSION ................................................................................................. 12

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                           **Page(s)**

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. 1989)...................................................................10

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3d Cir. 1990)....................................................................7

*Eisai Co. v. Teva Pharms. USA, Inc.*,
247 F.R.D. 445 (D.N.J. 2007) ................................................................8

*Enzo Life Sci., Inc. v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del. 2003)........................................................8

*Foman v. Davis*,
   371 U.S. 178 (1962)) ..............................................................................7

*ICU Med., Inc. v. RyMed Techs., Inc.*,
   674 F. Supp. 2d 574 (D. Del. 2009).....................................................7, 8

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
   C.A. No. 19-622 (WCB), 2020 WL 4794576 (D. Del. Aug. 18, 2020).....................8

*Research Foundation of State University of New York v. Mylan Pharms., Inc.*,
   C.A. No. 09-184-GMS-LPS, 2010 WL 2572715 (D. Del. June 28, 2010)............10

*Zadro Prods., Inc. v. SDI Techs., Inc.*,
   C.A. No. 17-1406 (WCB), 2019 WL 1100470 (D. Del. Mar. 8, 2019)................11

## Statutes, Rules & Regulations

35 U.S.C. § 102..................................................................................9, 11

Fed. R. Civ. P. 9 ...............................................................................1, 3

Fed. R. Civ. P. 15.............................................................................1, 2, 7

Fed. R. Civ. P. 16.............................................................................1, 2

D. Del. L.R. 7.1.1..............................................................................12

## I.        INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), Defendant Victorinox Swiss Army, Inc. ("Victorinox") respectfully requests leave to amend its Answer, Affirmative Defenses, and Counterclaims to add an additional basis for inequitable conduct committed by Plaintiff Targus International, LLC ("Targus").  The additional basis of inequitable conduct is proposed as an amendment to Victorinox's Third Defense (Inequitable Conduct and Unclean Hands) and Count III of its Counterclaim (Declaratory Judgment of Unenforceability of the '578 Patent).  Moreover, because Counterclaim Count IV (Walker Process Fraud and Attempted Monopolization in Violation of the Sherman Act, 15 U.S.C. § 2) incorporates and relies upon the inequitable conduct allegations, that counterclaim would also be amended.

Since discovering multiple prior art products sold by Targus that meet the limitations of the claims of the '578 Patent (after Targus failed to identify them in discovery), Victorinox has sought discovery from Targus and confirmed the prior art status of the products and that the inventors had knowledge of the products.  Because inequitable conduct must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) and the information needed to support such a claim is in Targus's possession, Victorinox was unable to request leave to amend its Answer and Counterclaims until identifying, locating, and obtaining product samples, and confirming that the products were indeed prior art and that the inventors had knowledge of them. The Court has already permitted Victorinox to proceed on its inequitable conduct claims for different withheld prior art and there are months left of fact discovery, so Targus will not suffer any undue prejudice.

## II.       NATURE AND STAGE OF PROCEEDINGS

Targus filed its Complaint alleging infringement of U.S. Patent No. 8,567,578 ("the '578 Patent") in this case on April 2, 2020.  D.I. 1.  Victorinox filed its Answer, Affirmative Defenses,

and Counterclaims on June 8, 2020, alleging unenforceability of the '578 Patent due to inequitable conduct and counterclaims for declaratory judgment of unenforceability of the '578 Patent due to inequitable conduct and a *Walker Process* counterclaim.  D.I. 11.

On June 26, 2020, Targus unsuccessfully moved to strike Victorinox's affirmative defense of unenforceability and to dismiss Victorinox's counterclaims.  D.I. 16.  The Honorable Magistrate Judge Christopher J. Burke issued a Report and Recommendation ("R & R") on December 10, 2020, recommending that Targus's motion be denied.  D.I. 70.  On December 29, 2020, the Court adopted the R & R, denying Targus's motion to strike Victorinox's defenses of unenforceability and to dismiss Victorinox's counterclaims.  D.I. 78.

The Scheduling Order states that "[a]ll motions to . . . amend or supplement the pleadings[] shall be filed on or before August 21, 2020.  D.I. 18 at 1.  Fact discovery is set to be completed on June 30, 2021.  *Id.*  The parties have not taken any depositions.

## III.    SUMMARY OF THE ARGUMENT

Under Fed. R. Civ. P. 15(a) and 16(b) and the Third Circuit's liberal standard for amending pleadings, Victorinox's request to amend should be granted.

1.    Considering the gravity of and heightened pleading requirement for inequitable conduct, Victorinox's motion is timely and made diligently and in good faith, even considering the fact that the motion to amend deadline has passed.  Discovering the undisclosed prior art products, analyzing them, and determining in discovery that the inventors possessed knowledge of the products was a time-consuming process, and Victorinox has promptly made its request to amend its Answer, Affirmative Defenses, and Counterclaims.

2.    Targus will not be unduly prejudiced by Victorinox's amendment because the Court has already permitted Victorinox to proceed with inequitable conduct for a different prior art reference, and because the close of fact discovery is more than five months away.  Victorinox will

be able to obtain discovery related to the additional allegations of inequitable conduct without any further amendment to the case schedule.

        3.      Victorinox's proposed Amended Answer, Affirmative Defenses, and Counterclaims would not be futile because Victorinox has pleaded allegations that meet the heightened standard of Fed. R. Civ. P. 9(b), including underlying facts from which a factfinder could reasonably infer that Targus's inventors withheld its prior art products with a specific intent to deceive the Patent Office.

## IV.    CONCISE STATEMENT OF FACTS

        Targus alleges infringement of the '578 Patent.  According to Targus's statements during prosecution of the '578 Patent, "the purpose" of the design of the purported invention of the '578 Patent "is to isolate the computer in the second storage section."  Motion Exhibit 1 ([Proposed] Amended Answer and Counterclaims, Ex. C at 25).  In doing so, Targus distinguished prior art cited by the patent examiner, stating that the prior art purportedly had "additional components [that] provide obstructions to scanning a computer in a storage section and defeat the purpose of isolating the computer."  *Id.*, Ex. C at 25, 32.  Targus amended the application's claims to add the limitation that "the second storage section" has a pouch having "a computer disposed therein" that is "configured without an additional pouch."  *Id.*, Ex. C at 6.  Additionally, the applicants, for the purpose of patentability and to overcome a rejection made by the examiner, amended the application's claims to add the limitation that "wherein in the unfolded configuration with the outer sides of both the first and second storage sections laid flat upon a same planar surface, an object in the first storage section is removed from interfering with a scanner positioned above and below the second storage section to enable uninhibited scanning of a computer in the second pouch of the second storage section."  *Id.*, Ex. C at 7.

What Targus did not tell the patent office during prosecution of the '578 Patent is that Targus began making and selling computer cases in 1999 with a second storage section that holds a computer and has no additional pouch, thereby isolating the computer.  The products also met all of the limitations of many claims of the '578 Patent (at a minimum under Targus's constructions of those terms).  These Targus products—the Targus CCB1, Targus CDB1, and Targus CFP3 (collectively, the "Targus Material Prior Art Products")—are shown and described below.

**The Targus CCB1 Computer Backpack:**

The Targus CCB1 computer backpack is prior art to the '578 patent because it was on sale in the United States beginning in 1999, more than one year before the filing date of the '578 patent. Declaration of Kelly J. Fermoyle ("Fermoyle Decl.") ¶ 2 and Ex. 1 at 4.  Victorinox has alleged that the Targus CCB1 computer backpack is material prior art to the '578 patent, and that it anticipates numerous claims of the '578 Patent and, in conjunction with other prior art, renders multiple claims of the '578 Patent obvious.  *Id.* ¶ 3 and Ex. 2, App'x 2 at 74; Motion Exhibit 1, Ex. E.  The following are true and accurate photographs of the Targus CCB1 computer backpack:



*Id.* ¶ 6.

**The Targus CDB1 Computer Backpack:**

The Targus CDB1 computer backpack is prior art to the '578 patent because it was on sale in the United States beginning in 1999, more than one year before the filing date of the '578 patent.

Fermoyle Decl. ¶ 2 and Ex. 1 at 4.  Victorinox has alleged that the Targus CDB1 computer backpack is material prior art to the '578 patent, and that it anticipates numerous claims of the '578 Patent and, in conjunction with other prior art, renders multiple claims of the '578 Patent obvious. *Id*. ¶ 3 and Ex.2, App'x 2 at 74; Motion Exhibit 1, Ex. F.  The following are true and accurate photographs of the Targus CDB1 computer backpack:



*Id*. ¶ 6.

**The Targus CFP3 Computer Briefcase:**

The Targus CFP3 computer briefcase is prior art to the '578 patent because it was on sale in the United States beginning in 1999, more than one year before the filing date of the '578 patent. Fermoyle Decl. ¶ 2 and Ex. 1 at 4; Motion Exhibit 1, Ex. G.  Victorinox has alleged that the Targus CFP3 computer briefcase is material prior art to the '578 patent, and that it anticipates numerous claims of the '578 Patent and, in conjunction with other prior art, renders multiple claims of the '578 Patent obvious.  *Id*. at ¶ 3 and Ex. 2, App'x 2 at 74.  The following are true and accurate photographs of the Targus CFP3 computer briefcase:



UNFOLDED CONFIGURATION

FOLDED CONFIGURATION



*Id*. at ¶ 6.

Victorinox discovered the Targus Material Prior Art Products after the August 21, 200 date for amendment of pleadings (Scheduling Order, D.I. 18, ¶ 2) and the October 9, 2020 due date for its initial invalidity contentions (Scheduling Order, D.I. 18, ¶ 3.g.i). *Id*. ¶ 4. Victorinox discovered these products through investigation initiated by counsel. *Id*. ¶ 5. Targus did not identify the Targus Material Prior Art Products as prior art nor did it produce substantive documents regarding these products despite discovery requests, dated July 2, 2020, seeking documents regarding prior art known to Targus. *Id*. ¶ 8, 9 and Exs. 3, 4. After its discovery of the products, Victorinox promptly analyzed and photographed them. *Id*. ¶ 7. Victorinox then supplemented its invalidity contentions to add the Targus Material Prior Art Products and began to take discovery related to them on November 11, 2020. *Id*. ¶ 3, 10-12 and Exs. 5, 6, 7. Targus served responses to Victorinox's discovery requests related to the Targus Material Prior Art Products on December 11, 2020, disclosing that the Targus Material Prior Art Products were on sale beginning in October

1999. *Id*. ¶ 2 and Ex. 1 at 4. Targus objected to Victorinox's interrogatory requesting information about the inventors' knowledge of the Targus Material Prior Art Products, on the basis that they were not a part of Victorinox's inequitable conduct defense and counterclaims. *Id*. ¶ 2 and Ex. 1 at 5. Targus objected to Victorinox's requests for production of documents relating to knowledge of the Targus Material Prior Art Products by the named inventors of the '578 Patent and the prosecuting attorney, on the basis that they were not a part of Victorinox's inequitable conduct defense and counterclaims, and as of the date of this motion, has not yet produced documents in response to the requests. *Id*. ¶ 13 and Ex. 8 at 6-9.

## V.    ARGUMENT

The Third Circuit Court of Appeals, consistent with the Federal Rules of Civil Procedure, has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). When a party seeks leave of court to amend its pleadings, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Dole*, 921 F.2d at 486. Accordingly, leave to amend should be "freely given" absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal allowance to amend "ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487. Pursuant to Rule 16(b), when a deadline in a scheduling order has passed, a party may amend its pleading upon a showing of "good cause," which is met when the movant has been diligent and the motion would not unduly prejudice the non-movant. *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009).

**A.      Victorinox Diligently Discovered and Confirmed the Bases for the Factual Allegations Set Forth in the Proposed Amended Pleading, and Diligently Sought to Amend Its Pleading**

"[C]ourts in this district have regularly held that it is not unreasonable for patent challengers to postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger confirm its suspicions and gather the evidence necessary to sustain its claim." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622 (WCB), 2020 WL 4794576, at \*3 (D. Del. Aug. 18, 2020) (Bryson, C.J, *sitting by designation*).   "Where inequitable conduct claims are made, the pleading party is 'possibly required to confirm the factual allegations through discovery.'" *ICU Med.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009) (quoting *Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003)).   Because "allegations of inequitable conduct are serious," a defendant is not required to plead inequitable conduct upon first developing evidence of such a claim, but is allowed to seek to confirm the evidence and "fully synthesize the information available to it before filing a motion to amend." *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 445, 449 (D.N.J. 2007) (*quoted with approval in Lipocine*, 2020 WL 4794576, at \*3).

Here, Victorinox, through diligent investigation, discovered the Targus Material Prior Art Products after the August 21, 2020 deadline for moving to amend a pleading.  Fermoyle Decl. ¶ 4. Indeed, Victorinox did not learn of the Targus Material Prior Art Products until after the due date for its initial invalidity contentions of October 9, 2020.  *Id.*  The products were not discovered by Victorinox until mid to late October, 2020, for several reasons.   First, Targus objected to Victorinox's requests for production related to prior art and Targus's products that practice claims of the '578 Patent.  *Id.* ¶¶ 5, 9, and Ex. 9. This is despite Victorinox's July 2, 2020 discovery requests that sought "[a]ll documents that identify all products and services made, used, sold, offered for sale, or imported that embody any claim of the Asserted Patent," "[a]ll analogous prior

art to the Asserted Patent in Targus's possession, custody, or control," and "[d]ocuments sufficient to identify, and sufficient to indicate the features and design of, all laptop bags (including laptop briefcases and laptop backpacks) marketed or sold by Targus between January 1, 2000, and February 13, 2009." Fermoyle Decl. ¶ 8 and Ex. 3 at 10, 12, 15. Thus, Victorinox had to then pivot to discover Targus's prior art on its own. It did so utilizing online resources and located and purchased numerous used Targus backpacks and computer bags. Fermoyle Decl. ¶ 6. This was a time-consuming process that entailed locating, purchasing via eBay or other used goods retailers, and examining products by trial and error because online descriptions and depictions were often insufficient to confirm products' invalidating prior art status. *Id.*

After Victorinox became aware of the Targus Material Prior Art Products in mid to late October 2020, it conducted further investigation to locate and purchase product samples, it then obtained and analyzed and photographed the samples, prepared invalidity charts and supplemented its invalidity contentions to add them, and sought to confirm the prior art status of the products and discover whether and when the inventors had knowledge of the products. *Id.* ¶¶ 3 7, 10, 11, 12 and Exs. 2, 5, 6, 7. On November 11, 2020, Targus served discovery regarding the Targus Material Prior Art Products, and on December 11, 2020 (Fermoyle Decl. ¶¶ 10, 11, 12, and Exs. 5, 6, 7), Targus confirmed via discovery responses that the products were on sale in 1999, and thus prior art under 35 U.S.C. § 102(b) (Fermoyle Decl. ¶ 2, Ex. 1 at 4). In the same discovery response, Victorinox learned that Targus was taking the position that Victorinox could not take discovery related to its existing inequitable conduct claim related to the Targus Material Prior Art Products. Fermoyle Decl. ¶ 2, Ex. 1 at 5. Victorinox has relied on documents produced by Targus that indicate, by model number, that the inventors had knowledge of the Targus Material Prior Art Products.

On December 18, 2020, Victorinox requested a meet and confer with Targus about this motion. Fermoyle Decl. ¶ 14, Ex. 9 at 3-4. On December 23, 2020, the parties met and conferred via telephone. Fermoyle Decl. ¶ 15 and Ex. 10. During the phone conference, counsel for Targus indicated that Targus needed to see the proposed amendments before deciding whether or not Targus would oppose this motion. *Id.* On December 28, 2020, Victorinox provided proposed amendments to counsel for Targus. Fermoyle Decl. ¶ 16, Ex. 11. On December 30, 2020, counsel for Targus stated that after reviewing the proposed amendments, Targus would oppose the motion. Fermoyle Decl. ¶ 17 and Ex. 12. Counsel for Victorinox then proceeded to prepare this motion, brief, and supporting materials (concurrently with preparing its Opening Claim Construction Brief, served January 12, 2021).

Victorinox's actions exemplify diligence and support the relief sought in its motion to amend its pleadings. Victorinox did not delay. Indeed. Targus's failure to identify its prior art products caused Victorinox to search for and identify Targus's prior art products on its own. And Victorinox diligently conducted time-intensive searches and investigation, and then promptly proceeded to confirm the prior art status and the inequitable conduct bases for the products. This demonstrates diligence and refutes any notion of undue delay by Victorinox.

### B.      Targus Will Not Be Unduly Prejudiced

Targus cannot meet its burden to show that it will be unduly prejudiced. The non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Research Foundation of State University of New York v. Mylan Pharms., Inc.*, C.A. No. 09-184-GMS-LPS, 2010 WL 2572715, at *3 (D. Del. June 28, 2010) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

Here, with the exception of the inventors themselves who are no longer employed by Targus, Targus is in possession of the information relevant to the proposed amendments.  As for the inventors, Targus has indicated that Victorinox should contact the inventors through Targus's counsel.  Fermoyle Decl. ¶ 18 and Ex. 13 at 2.  In any case, the inventors have not yet been deposed, so there will be no be adjustment to the schedule needed, as they would be subject to depositions in this case even without this proposed amendment.  To the extent any additional discovery is required, there is sufficient time within the case schedule.  Fact discovery is not set to conclude until June 30, 2021 and the dispositive motion deadline is not until November 3, 2021.

**C.   Victorinox's Amendment Will Not be Futile**

The materiality of the Targus Material Prior Art Products is established with precision in claim charts attached to the proposed Amended Answer and Counterclaim (Motion Exhibit 1) as Exhibits E, F, and G.  Additionally, Targus has confirmed in discovery that the Targus Material Prior Art Products are prior art under 35 U.S.C. § 102(b).  Fermoyle Decl. ¶ 2 and Ex. 1 at 4.  This more than meets the heightened pleading standard for materiality.   Victorinox's proposed Amended Answer and Counterclaims specifically identify the "who," naming inventors Todd Gormick (¶¶ 54-57), Robert Shortt (¶¶ 58-61), and Bui Cuong (¶¶ 62-65).  The proposed Amended Answer and Counterclaims allege that these inventors specifically knew of the Targus Material Prior Art Products, both by virtue of their positions at Targus and because the individuals possessed documents and/or emails listing the products.  ¶¶ 54-65.  The proposed Amended Answer and Counterclaims allege that the inventors withheld the Targus Material Prior Art Products with the specific intent to deceive the PTO, ¶¶ 66-69.  "In light of the above, and keeping in mind that in 'this district, an inequitable conduct claim is rarely disallowed at the pleading stage due to the failure to adequately allege scienter[,]'" D.I. 70 (R & R) at 12 (quoting *Zadro Prods., Inc. v. SDI Techs., Inc*., C.A. No. 17-1406 (WCB), 2019 WL 1100470, at \*5 (D. Del. Mar. 8,

2019)), the proposed Amended Answer, Affirmative Defenses, and Counterclaims sufficiently allege specific intent.  Accordingly, the proposed amendment of Victorinox's inequitable conduct defense (Third Defense - Inequitable Conduct and Unclean Hands) and Count III of its Counterclaim (Declaratory Judgment of Unenforceability of the '578 Patent) is not futile. Similarly, because Counterclaim Count IV (Walker Process Fraud and Attempted Monopolization in Violation of the Sherman Act, 15 U.S.C. § 2) incorporates and relies on the inequitable conduct allegations, and the new inequitable conduct allegations are not futile and comprise an additional basis of fraud and inequitable conduct on the part of Targus, Counterclaim Count IV as set forth in the proposed Amended Counterclaim is not futile.

## VI.     VICTORINOX'S COMPLIANCE WITH LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, counsel for Victorinox represents that it made a reasonable effort to reach agreement with counsel for Targus on the matters in this motion.  On December 23, 2020, counsel for the parties (including Delaware counsel) had a phone conference to discuss whether Targus would oppose Victorinox's motion for leave to amend its Answer and Counterclaims, in addition to other discovery matters.  During the phone conference, counsel for Targus indicated that it needed to see the proposed amendments before deciding whether or not Targus would oppose this motion.  On December 28, 2020, Victorinox provided proposed amendments to counsel for Targus.  On December 30, 2020, counsel for Targus stated that after reviewing the proposed amendments, Targus would oppose the motion.  *See generally* Fermoyle Decl. ¶¶ 14-17.

## VII.    CONCLUSION

For the reasons set forth herein, Victorinox respectfully requests that the Court grant Victorinox leave to amend its Answer, Affirmative Defenses, and Counterclaims to add allegations of inequitable conduct related to the Targus Material Prior Art Products.

/s/ Francis DiGiovanni
Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*Victorinox Swiss Army, Inc.*

Dated:  January 15, 2021