IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-464-RGA |
| | ) |
| VICTORINOX SWISS ARMY, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY

OF COUNSEL:

Michelle E. Armond
Forrest M. McClellen
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA  92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
9442 Capital of Texas Highway North
Plaza One, Suite 500
Austin, TX  78759
(512) 267-1663

February 3, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff*
*Targus International LLC*

**TABLE OF CONTENTS**

I.  NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II. SUMMARY OF ARGUMENT .......................................................................................2

III. STATEMENT OF FACTS ................................................................................................2

IV. ARGUMENT .....................................................................................................................4

    A.  Staying The Case Now Before Any Institution Decision Is Premature ...................4

    B.  There Is A Strong Chance The PTAB Will Not Even Entertain The Third-Party Petition ............................................................................................................5

    C.  Even If Instituted, The IPR Is Unlikely To Simplify This Dispute .........................7

    D.  This Case Is Too Advanced To Stay Now..............................................................10

    E.  Targus Would Be Prejudiced By Allowing Its Willfully Infringing Competitor To Remain On The Market During A Stay .........................................11

V.  CONCLUSION................................................................................................................12

## TABLE OF AUTHORITIES

**Page No(s).**

*Advanced Bionics, LLC v. MED-EL Elektromedizinische Gerate GmbH*,
    IPR2019-01469, 2020 WL 740292 (P.T.A.B. Feb. 13, 2020) ................................................. 7

*Advanced Micro Devices v. Mediatek Inc.*,
    C.A. No. 19-70-CFC, 2019 WL 4082836 (D. Del. Aug. 29, 2019) ..................................... 10

*Advanced. Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
    C.A. No. 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) ................................. 7

*Apple Inc. v. VirnetX*,
    IPR2014-00238, 2015 WL 2251196 (P.T.A.B. May 11, 2015) ............................................. 9

*Canatelo v. Axis Commc'ns*,
    C.A. No. 13-1227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014) ................................. 8

*Copy Protection LLC v. Netflix, Inc.*,
    C.A. No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ..................................... 10

*f'real Foods, LLC v. Hamilton Beach Brands, Inc.*,
    C.A. No. 16-41-GMS, 2017 WL 10619854 (D. Del. Mar. 9, 2017) ..................................... 11

*Hemstreet v. Computer Entry Sys.*,
    972 F.2d 1290 (Fed. Cir. 1992) ............................................................................................ 12

*Infinite Data LLC v. Home Depot U.S.A. Inc.*,
    C.A. No. 13-260-RGA, 2014 WL 265704 (D. Del. Jan. 23, 2014) ........................................ 8

*Intellectual Ventures II LLC v. Kemper Corp.*,
    C.A. No. 16-81, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ............................................. 8

*Invensas Corp. v. Samsung Elecs. Co.*,
    C.A. No. 17-cv-1363-MN-SRF, 2018 WL 4762957 (D. Del. Oct. 2, 2018) .................... 4, 11

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .................................... 4

*Kaavo Inc. v. Cognizant Tech.*,
    C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ............................. 10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................................... 4

*Levey v. Brownstone Inv., LLC*,
    590 F. App'x 132 (3d Cir. 2014) ......................................................................................... 10

*Mann v. Brenner*,
  375 F. App'x 232 (3d Cir. 2010) .................................................................................... 10

*Market-Alerts Pty. v. Bloomberg Finance*,
  922 F. Supp. 2d 486 (D. Del. 2013) ................................................................................. 8

*Message Notification v. Microsoft*,
  C.A. No. 13-1881-GMS, 2015 WL 13781851 (D. Del. Feb. 24, 2015) ................................. 8

*Moore v. PlasmaCare, Inc.*,
  C.A. No. 1:11-1090-SEB-MJD, 2012 WL 602623 (S.D. Ind. Feb. 23, 2012) ....................... 10

*NHK Spring Co. v. Intri-Plex Techs.*,
  IPR2018-00752, 2018 WL 4373643 (P.T.A.B. Sept. 12, 2018) ............................................ 7

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
  C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) .............................. 9

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  C.A. No. 12-646-RGA-MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) ....................... 4, 11

*United States v. Dentsply Int'l, Inc.*,
  190 F.R.D. 140 (D. Del. 1999) ....................................................................................... 10

*Universal Secure Registry, LLC v. Apple Inc.*,
  C.A. No. 17-585-CFC-SRF, 2018 WL 4486379 (D. Del. Sept. 19, 2018) ........................ 4, 10

*Vivid Techs. v. Am. Sci. & Eng'g*,
  200 F.3d 795 (Fed. Cir. 1999) ........................................................................................ 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ...................................................................................... 12

**OTHER AUTHORITIES**

35 U.S.C. § 314 ................................................................................................................ 4, 7

35 U.S.C. § 325 ..................................................................................................................... 7

37 C.F.R. § 42.107 ................................................................................................................. 4

It would be premature to stay this case simply because a third party belatedly submitted an IPR petition to the PTAB. The statutory deadline for the PTAB to announce whether it will entertain the petition is late July 2021, fifteen months after this case was filed. Victorinox was well aware of the primary references in the IPR since the earliest days of this case, which were either featured in its answer or listed on the face of the '578 Patent itself. If Victorinox believed the PTAB could moot or streamline this case, it would have filed its own IPR long before now. It did not. Indeed, Victorinox neither joined the pending third-party petition nor has agreed to be bound by its outcome. There is a strong likelihood this petition will be unsuccessful, and staying prematurely would only prejudice Targus by leaving its direct competitor in the market to continue infringing with impunity. The Florida court acknowledged its stay pending IPR may not last long, providing guidance on claim construction for "when or if" that case resumed. Victorinox's stay request should be denied without prejudice.

## I. NATURE AND STAGE OF THE PROCEEDINGS

This action was filed on April 2, 2020, alleging that Victorinox's Wenger-branded laptop travel bags infringed Plaintiff's '578 Patent to a checkpoint-friendly bag design. D.I. 1.

In addition to this motion, Victorinox is also seeking leave to amend its pleadings to belatedly assert a new inequitable conduct theory. D.I. 80.

The case is well underway. The parties completed mediation. D.I. 54. They have exchanged tens of thousands of pages of documents, served and answered extensive discovery, and exchanged contentions on patent infringement and validity. *E.g.*, D.I. 14, 21, 31, 32, 37, 39, 44-45, 48, 50-53, 55, 65-67, 72, 86. Plaintiff has noticed depositions. D.I. 73, 75. Document productions will be substantially completed by February 24, 2021. D.I. 18 at 1. Claim construction briefing is nearly complete and the claim construction hearing is March 17, 2021. D.I. 18 at 6-7. Trial begins April 4, 2022. D.I. 18 at 10.

## II. SUMMARY OF ARGUMENT

1. None of the factors support staying the case at this juncture. The stay request is premature—the third-party petition was recently submitted with no institution decision expected until July 2021.

    a. It is unlikely staying now would simplify anything. The PTAB has not instituted IPR proceedings, and Victorinox has not agreed to be bound by the result. Even if instituted, the IPR will not save effort on claim construction because briefing is nearly complete and the claim construction disputes here are different than those raised by the third-party petitioner in the IPR. Discovery in any event will need to proceed on a wide variety of issues apart from validity, and there has been no coordination with other pending cases to consolidate depositions.

    b. This case is well underway. The parties are completing claim construction and are deep into fact discovery with trial beginning in April 2022.

    c. Targus would be prejudiced by allowing its direct competitor Victorinox to remain on the market and further erode its market share by its continued infringement.

## III. STATEMENT OF FACTS

Targus is the #1 laptop case brand in the United States with a 35-year history of developing quality laptop cases. It has been awarded numerous patents protecting its inventions. In 2007, Targus invented a new type of case allowing for security screenings of laptops without removing them from the case and was awarded the asserted '578 Patent for its invention in 2013. This innovative design quickly caught on and won the prestigious "Innovation Award" at the Consumer Electronics Show. Since 2015, Targus brought litigation against six other competitors for infringing the '578 Patent. All of those cases are resolved, aside from two cases against Group III and Everki. Victorinox, through its Wenger-branded travel laptop cases, is a significant competitor

to Targus. *E.g.*, D.I. 11 ¶¶ 60, 66.  Targus seeks a permanent injunction barring Victorinox from further infringing sales.  D.I. 1 at 12.

Victorinox has not filed an IPR petition.

On December 24, 2020, the parties to the other pending cases, Group III and Everki (collectively, "petitioner"), filed a petition challenging Targus' '578 Patent.  D.I. 85-1 at 1, 74.  Victorinox did not join the petition, *see id.*, or agree to be bound by its outcome, *see generally* D.I. 84.

On December 28, 2020, Group III sought to stay its case.  *See Targus Int'l LLC v. Group III Int'l, Inc.*, C.A. No. 20-21435-RNS, D.I. 65 (S.D. Fla. Dec. 28, 2020).  The Southern District of Florida granted Group III's request to stay the case on January 7, 2021, but provided guidance on claim construction briefing for "[w]hen or if this case proceeds before the Court."  D.I. 85-2 at 5 n.1.

On December 28, 2020, Everki likewise sought to stay its case.  *Targus Int'l LLC v. Everki USA Inc.*, C.A. No. 20-641-JLS, D.I. 37 (C.D. Cal. Dec. 28, 2020).  The Central District of California declined to expedite consideration of the motion, and the hearing is set for May 14, 2021.  *Id.*, D.I. 37, 40.  The California court also recently denied another continuance request.  *Id.*, D.I. 51.

On January 20, 2021, Victorinox filed the instant motion to stay this case almost a month after the IPR petition was filed.  D.I. 84.

## IV.     ARGUMENT

### A.     Staying The Case Now Before Any Institution Decision Is Premature

Victorinox seeks "an immediate stay… even before the PTAB institutes the IPR."  D.I. 84 at 1.[1]  Because the PTAB accorded the third-party petition a filing date on January 25, 2021, a decision whether the PTAB will even entertain the petition is not expected until late July 2021. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b).  The Court should exercise its considerable discretion and deny this stay request.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 259 (1936).

"As a practical matter, putting the case on hold until the PTAB decides whether to institute IPR proceedings is likely less efficient than continuing on track through claim construction and discovery.  Delay is not favored in litigation."  *Invensas Corp. v. Samsung Elecs. Co.*, C.A. No. 17-1363-MN-SRF, 2018 WL 4762957, at *4 (D. Del. Oct. 2, 2018); *see also Universal Secure Registry, LLC v. Apple Inc.*, C.A. No. 17-585-CFC-SRF, 2018 WL 4486379, at *2 (D. Del. Sept. 19, 2018) (denying stay because "any expected simplification rests on speculation that such institution will occur").  Even Victorinox's own cited authority acknowledges its pre-institution stay request is premature.  *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) ("An earlier request for a stay would have been premature, as courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted….").

The Court routinely denies premature motions to stay pending IPR filed before institution. *See, e.g.*, *TruePosition, Inc. v. Polaris Wireless, Inc*., C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013) ("Since the inter parties review request is still pending

---

[1]     All emphasis is added and all internal citations and quotation marks are omitted unless otherwise indicated.

4

before the PTO with a potential delay until December 4, 2013 for a grant or denial, this motion is premature."); *Analog Devices, Inc. v. Xilinx, Inc.*, C.A. No. 19-2225-RGA, D.I. 101 (D. Del. Aug. 19, 2020); *Ironworks Patents, LLC v. Apple Inc.*, C.A. No. 17-1399-RGA, D.I. 30 (D. Del. Aug. 7, 2018); *Nichia Corp. v. TCL Multimedia Tech. Holdings Ltd. et al.*, C.A. No. 16-681-RGA, D.I. 65 (D. Del. Oct. 31, 2017); *Route1 Inc. v. AirWatch LLC*, C.A. No. 17-331-RGA, D.I. 38 (D. Del. Oct. 24, 2017); *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, C.A. No. 15-915-RGA, D.I. 105 (D. Del. Dec. 1, 2016).

It should do the same here.

### B. There Is A Strong Chance The PTAB Will Not Even Entertain The Third-Party Petition

Victorinox promises that "the IPR is very strong" and "implicates critical prior art." D.I. 84 at 1. But actions speak louder than words. Victorinox has neither joined the IPR nor agreed to be bound by the result. *See* D.I. 84, 85-1 at 1. Victorinox knew of all the "critical" IPR references relied on by third-party petitioner early on, yet declined to pursue its own IPR petition. Victorinox raised the same TSA RFI and Moor references in its answer at the outset of this case. D.I. 11 at 14 (citing TSA RFI and U.S. Pat. 5,706,992 to Moor). The Hollingsworth and Miller references were not hard to find—they were cited on the face of the '578 Patent itself. D.I 1-1 ('578 Patent) at 3 ("References Cited" including U.S. Pat. 6,213,266 to Hollingsworth and U.S. Pat. 6,213,267 to Miller). Nor was Victorinox unaware of the references' teachings, featuring all of the references prominently in its October 2020 invalidity contentions:

- "Multiple Pocket References": TSA RFI; Hollingsworth '754; Hillman; Arnwine; Moor; Chen; Kearl; Hollingsworth '266; Miller; Latshaw; Pelican; Lee; Samsonite L35; Ruckh; Shuttle; PNC-15; Contour Pro; Saddlebag; CityGear; Mastermind; Modem; Timberland; Case Logic VNC-216

- "Pouch Fastener References": Bosma; Hollingsworth; Hillman; Barnes; Arnwine; Moor; Chen; Kearl; Hollingsworth '266; Miller; Latshaw; Pelican; Lee; Samsonite L35; Ruckh; Shuttle; Contour Pro; Saddlebag; CityGear; Mastermind; Modem; Timberland; Case Logic VNC-216

- "Third Pouch References": Hollingsworth '266; Pelican 1495 CC1; Willard; Bosma; Moor; Samsonite L35; Shuttle; PNC-15; Contour Pro; Saddlebag; CityGear; Mastermind; Modem; Timberland; Case Logic VNC-216

- "Second Pouch Substantially Enclosed to Retain Computer References": Hollingsworth '754; Hillman; Moor; Kearl; Hollingsworth '266; Miller; Latshaw; Samsonite L35; Ruckh; Shuttle; Contour Pro; Saddlebag; CityGear; Mastermind; Modem; Timberland

- "No Additional Pouch References": TSA RFI; Bosma; Hollingsworth; Hillman; Barnes; Moor; Chen; Hollingsworth '266; Miller; Latshaw; Pelican; Lee; Shuttle; PNC-15; Contour Pro; Saddlebag; CityGear; Mastermind; Modem; Timberland; Case Logic VNC-216

- "Both Sections Flat on Same Surface References": TSA RFI; Bosma; Hollingsworth; Hillman; Barnes; Arnwine; Moor; Kearl; Hollingsworth '266; Miller; Latshaw; Lee Samsonite L35; Willard; Shuttle; PNC-15; Modem; Timberland; Case Logic VNC-216

- "Direction Substantially Parallel to Planar Surface References": Samsonite L35; Hollingsworth '266; Bosma; Moor; PNC-15; Modem; Timberland; Case Logic VNC-216

- "Inner Section Configured for Visual Inspection of Computer References": Bosma; Hollingsworth; Hillman; Moor; Chen; Kearl; Hollingsworth '266; Godshaw; Latshaw; Pelican; Lee; Samsonite L35; Ruckh; Shuttle; PNC-15; Modem; Timberland; Case Logic VNC-216

- "Transparent Material References": Bosma; Hillman; Moor; Kearl; Godshaw; Latshaw; Ruckh

- "Mesh Material References": Moor; Kearl; Godshaw; Latshaw; Case Logic VNC-216; Mastermind; Saddlebag; Shuttle

- "Indicia of Scanning Authority Compliance References": Travel Sentry Locks; TSA RFI; Tropp 1; Tropp 2

McClellen Decl., Ex. 1 at 5-6 (annotated).

There is an excellent chance this third-party petition will fail. Victorinox asserts there is an "approximately 64.5%" likelihood the petition will be instituted. D.I. 84 at 4. But its own cited data show the IPR institution rate is currently 53% and dropping:



D.I. 85-5 at 6. Whether the petition proceeds is essentially a coin-flip. *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016) ("The more that the statistical likelihood of the PTAB instituting review on any petition seems less like 'near certainty' and more like 'fair probability,' the less reasonable it seems to stop a district court proceeding after it has started…."). The best course here is to wait and see.

Besides general statistics, Victorinox provides no support for its assertion that "it is likely that the PTO will grant review." D.I. 84 at 4. There are many reasons the PTO will deny institution here. The PTAB will only institute if it determines there is a reasonable likelihood the petitioner will prevail. 35 U.S.C. § 314(a). Here, the two primary anticipation references in the petition were previously submitted to the Patent Office. *Compare* D.I 85-1 (IPR petition) at 5-6, 16, 18 (asserting anticipation by U.S. Pat. 6,231,266 to Hollingsworth and U.S. Pat. 6,213,267 to Miller) *with* D.I No. 1-1 at 3 ("References Cited" including Hollingsworth and Miller patents). The petitioner will therefore have to show the Examiner committed material error or the PTAB may deny institution under 35 U.S.C. § 325(d). *See Advanced Bionics, LLC v. MED-EL Elektromedizinische Gerate GmbH*, IPR2019-01469, 2020 WL 740292, at *3 (P.T.A.B. Feb. 13, 2020) (precedential). The PTAB may also discretionarily deny a petition if it is tardy. *NHK Spring Co. v. Intri-Plex Techs.*, IPR2018-00752, 2018 WL 4373643, at *7 (P.T.A.B. Sept. 12, 2018) (precedential). But the petition never even addresses the PTAB's discretion to deny petitions.

Victorinox's assertion that the PTO will "provide useful guidance" if it denies institution is pure speculation. *See* D.I. 84 at 6. Staying the case is premature because it is much too early to gauge whether the petition will be instituted, let alone successful.

    C. <u>**Even If Instituted, The IPR Is Unlikely To Simplify This Dispute**</u>

Based on its optimistic assessment of the petition's chances, Victorinox asserts "[t]he IPR is likely to resolve the case." D.I. 84 at 5. Hardly so. Targus asserts 31 patent claims in this

7

action. To fully resolve this case, the third party would need to invalidate every single one of those claims and sustain its victory on appeal. The same statistics that Victorinox cites show that, at this juncture, there is only a 21% chance all claims would be found unpatentable by the PTAB. D.I. 85-6 at 11 ("Outcome of Concluded Proceedings" showing "FWD All [Claims] Unpatentable 2,114 [proceedings] 21%"). It is more likely all or some claims will withstand the IPR. In that case, staying now saves nothing.

Victorinox has not agreed to be bound by any outcome of the IPR proceeding. *See* D.I. 84. It desires not only any upside of a first bite at the apple at the PTAB, but also the ability to take a second bite later before this Court. This Court has rejected similar tactics. *See Infinite Data LLC v. Home Depot U.S.A. Inc.*, C.A. No. 13-260-RGA, 2014 WL 265704, at *2 (D. Del. Jan. 23, 2014) (declining to stay case for parties refusing to be bound by the outcome of parallel proceedings); *see also Intellectual Ventures II LLC v. Kemper Corp.*, C.A. No. 16-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) ("The absence of a full statutory estoppel not only increases the ability of litigants to 'game the system' and devise an unfair second bite at the apple, it also has the potential to increase rather than reduce the complexity of the validity issues that may come before the Court").[2]

Victorinox asserts "[t]he IPR is likely to reduce substantially the claim construction" issues. D.I. 84 at 5-6. That is inaccurate. Victorinox nominated twenty claim terms for either claim construction or consideration of indefiniteness to bolster its non-infringement and validity

---

[2] Victorinox's citations are inapposite because in those cases the defendants were subject to estoppel. *See* D.I. 84 at 6 (citing *AT&T v. Cox Commc'ns*, C.A. No. 14-1106-GMS, D.I. 161 at 3 n.4 (D. Del. Sept. 24, 2015); *Canatelo v. Axis Commc'ns*, C.A. No. 13-1227-GMS, 2014 WL 12774920, at *1 n.3 (D. Del. May 14, 2014)); D.I. 84 at 7-8 (citing *Message Notification v. Microsoft*, C.A. No. 13-1881-GMS, 2015 WL 13781851, at *1 n.4 (D. Del. Feb. 24, 2015); *Market-Alerts Pty. v. Bloomberg Finance*, 922 F. Supp. 2d 486, 497 (D. Del. 2013)).

8

defenses. *See* D.I. 68. The petitioner only sought construction of two terms, and the IPR constructions differ from Victorinox's proposed constructions in this case. *Compare* D.I. 85-1 at 7-8 (Petition) *with* D.I. 68, Ex. A at 1-2. Due to the divergent claim construction positions, the Court will still need to resolve Victorinox's twenty claim construction and indefiniteness issues here. *See* D.I. 86. And there is no guarantee the PTAB will provide any claim constructions during the IPR at all. *See, e.g.*, *Apple Inc. v. VirnetX*, IPR2014-00238, 2015 WL 2251196, at *2 (P.T.A.B. May 11, 2015) (because "the construction of this term does not impact any of the issues in this case, we decline to construe this term"). Waiting for the PTAB will not avoid claim construction or necessitate "two stages" as Victorinox asserts. *See* D.I. 84 at 7.

The IPR will provide no significant savings on discovery, either. *See* D.I. 84 at 6-7. Most of Victorinox's efforts to date have focused on its evolving inequitable conduct theories. *See* D.I. 81. There are also infringement, indefiniteness, damages, and related antitrust claims to resolve. D.I. 11 at 9-11, 13-15, 22. The IPR will not likely moot these issues. As Victorinox's own cited precedent acknowledges, "[t]he more that the scope of the issues to be resolved during the litigation exceeds the scope of the issues that can be examined during IPR, the greater this cuts against a finding that an IPR proceeding will lead to great simplification of the issues at play here." *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.,* C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014) (cited at D.I. 84 at 6).

Victorinox also fancifully proposes that staying the case will minimize the number of depositions across this action and other cases. D.I. 84 at 8-9. But each of the pending cases involving the '578 Patent is on a different schedule. Victorinox has already agreed to commence depositions after document productions are substantially complete this month. *See* D.I. 18 at 1. It presents no evidence that all parties will consent to a single witness deposition to be used across

all pending proceedings. Even if amenable, the logistics of scheduling timely depositions involving four parties spanning three separate proceedings makes Victorinox's proposal far-fetched. Indeed, its cited cases do not address its specific deposition proposal. *See* D.I. 84 at 9-10 (citing *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 143 (D. Del. 1999); *Moore v. PlasmaCare, Inc.*, C.A. No. 1:11-1090-SEB-MJD, 2012 WL 602623, at *2 (S.D. Ind. Feb. 23, 2012); *Advanced Micro Devices v. Mediatek Inc.*, C.A. No. 19-70-CFC, 2019 WL 4082836, at *2 (D. Del. Aug. 29, 2019)). *Dentsply* and *Moore* did not address stays, and, unlike here, it was undisputed in *AMD* that staying would avoid duplicative litigation.

Finally, Victorinox cites a handful of decisions to argue staying now would simplify this case. *See* D.I. 84 at 5 (citing *Kaavo Inc. v. Cognizant Tech.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *5 (D. Del. Apr. 9, 2015); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *Levey v. Brownstone Inv.,* LLC, 590 F. App'x 132, 137 (3d Cir. 2014); *Vivid Techs. v. Am. Sci. & Eng'g*, 200 F.3d 795, 804 (Fed. Cir. 1999)). None of those cases involved a stay pending IPR proceedings, and they have little bearing here.

"Generally, the simplification issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." *Copy Protection LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (citation omitted) (denying stay). Victorinox's assessment that the IPR will necessarily proceed and simplify matters is pure speculation. *See, e.g.*, *Universal Secure*, 2018 WL 4486379, at *3 ("Without any certainty as to whether the PTAB will institute review, the extent to which the issues before the court might be simplified remains unknown.").

### D. This Case Is Too Advanced To Stay Now

If Victorinox wanted to pursue the IPR route, it could and should have filed its IPR petition long before now. Even after the third-party petition was filed, Victorinox still delayed, waiting

almost a month after the petition was filed and weeks after a Florida court opted to stay before pursuing this motion. *See* D.I. 84 at 2 (acknowledging Florida stay entered January 7, 2021).

Victorinox claims the case is "in the early stages," but it is well underway. *See* D.I. 84 at 3. The parties have exchanged tens of thousands of pages of documents, exchanged written discovery and contentions spanning infringement, non-infringement, invalidity, and unenforceability. *E.g.*, D.I. 14, 21, 31, 32, 37, 44, 45, 48, 50, 52, 53, 55, 65, 66, 67, 69, 71, 72, 76, 86, 87. They have completed mediation. D.I. 54. Document productions will be substantially complete in February, *see* D.I. 18 at 1, and the parties have agreed to commence noticed depositions thereafter, *see* D.I. 73, 75. Claim construction briefing is complete on February 9, 2020, and the claim construction hearing is March 17, 2021. D.I. 18 at 6-7. Trial begins April 4, 2022. D.I. 18 at 10.

This factor also weighs against a stay. *See, e.g.*, *Invensas*, 2018 WL 4762957, at *4 ("The court concludes that the status of the case weighs against a stay because fact discovery is substantially underway and claim construction briefing is complete.").

### E. Targus Would Be Prejudiced By Allowing Its Willfully Infringing Competitor To Remain On The Market During A Stay

Prematurely staying based on a belated, un-instituted IPR petition will certainly prejudice Targus and harm its competitive position in the market. Victorinox admits the parties are direct competitors in the market. D.I. 11 ¶¶ 60, 66 (admitting "Targus currently controls a significant portion of this market" and that Victorinox is "a competitor"). Courts are "reluctant to stay proceedings in situations in where parties are direct competitors." *TruePosition*, 2013 WL 5701529, at *5. That is exactly the situation here. *See f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, C.A. No. 16-41-GMS, 2017 WL 10619854, at *1 n.3 (D. Del. Mar. 9, 2017) (antitrust counterclaims established direct competition). Since Targus notified Victorinox of its

11

infringement, Victorinox continues to infringe with impunity, eroding Targus' market share day-by-day and causing irreparable harm. Targus has never licensed the '578 Patent and seeks an injunction barring Victorinox's continuing infringement. D.I. 1 at 12. Delaying its remedy would significantly prejudice Targus.

Lacking an adequate response, Victorinox attempts to change the subject and suggest Targus improperly delayed suing Victorinox. D.I. 84 at 12. Since 2015, Targus has diligently pursued litigation against other competitors infringing Targus' '578 Patent: CODi, Timbuk2, Fairhaven, Swissdigital, Everki, and Group III. *See, e.g.*, *Targus Grp. v. CODi.*, C.A. No. 8:15-353-CJC (RNBx) (C.D. Cal.); *Targus Grp. v. Timbuk2 Designs*, C.A. No. 8:17-972-CJC (KESx) (C.D. Cal.); *Targus Grp. v. Fairhaven Grp.*, C.A. No. 8:15-465-CJC (JCGx) (C.D. Cal.); *Targus Int'l v. SwissDigital*, C.A. No. 8:20-782 (C.D. Cal.); *Targus Int'l v. Everki*, C.A. No. 8:20-641-JLS (C.D. Cal.); *Targus Int'l v. Group III Int'l, Inc.*, No. 20-21435 (S.D. Fla.). All but two of those cases have been resolved. Targus was not required to pursue Victorinox first. *See, e.g.*, *Hemstreet v. Computer Entry Sys.*, 972 F.2d 1290, 1293 (Fed. Cir. 1992) (reasonable that "during the 1976–1989 period [patent owner] was busy enforcing his patent rights elsewhere").

Victorinox's citation to *VirtualAgility* does not help it, D.I. 84 at 12, because there the Federal Circuit found no error in a district court decision "to wait until the PTAB made its decision to institute CBM review before it ruled on the motion." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315 (Fed. Cir. 2014).

Because Targus will be unduly prejudiced by staying now, this factor weighs heavily against a stay.

### V. CONCLUSION

Based on the foregoing, Targus respectfully requests that the Court deny Victorinox's motion to stay the case before the third-party IPR is instituted.

12

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Anthony D. Raucci* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Anthony D. Raucci (#5948) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| Michelle E. Armond | Wilmington, DE 19899-1347 |
| Forrest M. McClellen | (302) 658-9200 |
| ARMOND WILSON LLP | jblumenfeld@morrisnichols.com |
| 895 Dove Street, Suite 300 | araucci@morrisnichols.com |
| Newport Beach, CA  92660 |  |
| (949) 932-0778 | *Attorneys for Plaintiff* |
|  | *Targus International LLC* |
| Douglas R. Wilson |  |
| ARMOND WILSON LLP |  |
| 9442 Capital of Texas Highway North |  |
| Plaza One, Suite 500 |  |
| Austin, TX  78759 |  |
| (512) 267-1663 |  |

February 3, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 3, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kelly J. Fermoyle, Esquire<br>FAEGRE DRINKER BIDDLE &REATH LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)