# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC,<br><br>                   Plaintiff,<br>   v.<br><br>VICTORINOX SWISS ARMY, INC.,<br><br><br>                 Defendant. | Civil Action No. 20-464-RGA |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff
Victorinox Swiss Army, Inc.*

Dated:  February 5, 2021

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

   A.    Victorinox Established its Diligence ......................................................... 1

   B.    Victorinox's Amendment Will Not be Futile ............................................ 3

       1.    Victorinox's Allegations Show Materiality ................................... 4

       2.    The Targus Material Prior Art Products Are Not Cumulative.................. 5

       3.    Victorinox Sufficiently Alleged Specific Intent ......................................... 7

   C.    Targus Will Not Be Unduly Prejudiced ........................................................ 8

III.    CONCLUSION..................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aerocrine AB v. Apieron Inc.*,
   C.A. No. 08-787-LPS, 2010 WL 1225090 (D. Del. Mar. 30, 2010) ....................................6, 7

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006).............................................................................................3

*Asahi Glass Co. v. Guardian Indus. Corp.*,
   276 F.R.D. 417 (D. Del. 2011) .........................................................................................2

*Aspex Eyewear Inc. v. Machon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012)........................................................................................5

*Baxter Int'l, Inc. v. McGaw, Inc.*,
   149 F.3d 1321 (Fed. Cir. 1998)........................................................................................5

*Bjorgung v. Whitetail Resort, LP*,
   550 F.3d 263 (3d Cir. 2008).............................................................................................3

*Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*,
   958 F.3d 1348 (Fed. Cir. 2020)........................................................................................5

*Courtesy Prods. L.L.C. v. Hamilton Beach Brands, Inc.*,
   C.A. No. 13-2012-SLR-SRF, 2015 WL 6159113 (D. Del. Oct. 20, 2015) ............................7

*Delaware Display Group LLC v. Lenovo Group Ltd., Lenovo Holding Co., Inc.*,
   C.A. No. 13-2108-RGA, 2016 WL 720977 (D. Del. Feb. 23, 2016) .......................................3

*Genentech, Inc. v. Amgen Inc.*,
   C.A. No. 17-1407-CFC, 2020 WL 708113 (D. Del. Feb. 12, 2020) ....................................3, 4

*In re Giannelli*,
   739 F.3d 1375 (Fed. Cir. 2014)........................................................................................5

*ICU Med., Inc. v. RyMed Techs., Inc.*,
   674 F. Supp. 2d 574 (D. Del. 2009)..................................................................................8

*Ingevity Corp. v. BASF Corp.*,
   C.A. No. 18-1391-RGA, 2020 WL 1329604 (D. Del. Mar. 23, 2020)....................................3

*In re Man Machine Interface Techs. LLC*,
   822 F.3d 1282 (Fed. Cir. 2016)........................................................................................5

*The Meds. Co. v. Teva Parenteral Meds., Inc.*,
   C.A. No. 09-750-ER, 2011 WL 13135647 (D. Del. Aug. 26, 2011)........................................7

*Pfizer Inc. v. Sandoz Inc.*,
    C.A. No. 12-654-GMS/MPT, 2013 WL 5934635 (D. Del. Nov. 4, 2013) ...............................3

*Regeneron Pharms., Inc. v. Merus N.V.*,
    864 F.3d 1343 (Fed. Cir. 2017)...............................................................................................5

*Sonos, Inc. v. D&M Holdings Inc.*,
    C.A. No. 14-1330-RGA, 2017 WL 476279 (D. Del. Feb. 3, 2017) .........................................2

## I.     INTRODUCTION

After Targus stonewalled Victorinox in its discovery requests that preceded the motion to amend deadline, Victorinox diligently scoured the Internet to find prior art bags from Targus. Targus concedes that Victorinox quickly "purchased, inspected, photographed, charted, and found archived webpages" of the Targus Material Prior Art Products.  D.I. 89 at 7.  Victorinox also proceeded to confirm that the products were on sale more than one year before the filing date of the '578 Patent's application.  And—in total—Victorinox filed this motion just nine months after this case began.  No case cited by Targus denied amendment under such circumstances.

Victorinox's claim charts attached to the proposed amended pleading do more than what is necessary to show the materiality of the Targus Material Prior Art Products.  Targus argues only that they are missing the "second pouch," but in doing so ignores the ongoing claim construction briefing and the claim language itself.  Applying the claim language and either party's construction, each of the Targus Material Prior Art Products anticipate the independent claims of the '578 Patent.  Victorinox alleged, with specific facts, that specific individuals knew of the Targus Material Prior Art Products and withheld them with the specific intent to deceive the PTO. These allegations are sufficient to meet the heightened pleading standard, and the Court should permit amendment.

## II.    ARGUMENT

### A.     Victorinox Established its Diligence

Targus's opposition ignores its own refusal to respond to Victorinox's discovery.  *See generally* D.I. 89 at 4-8.  As Victorinox argued in its opening brief, discovery served by Victorinox

on July 2, 2020, could have and should have uncovered these products,[1] but Targus refused to respond to the discovery. *See* D.I. 81 at 8-9 (noting requests for production directed to Targus, aimed at prior art and earlier Targus products). After Targus refused to provide the requested discovery—and only days before the motion to amend deadline—Victorinox had to sift through hundreds of prior art products made by Targus and others. After a months-long search to find the Targus Material Prior Art Products, and only after discovering the Targus prior art, Victorinox "purchased, inspected, photographed, charted, and found archived webpages in 1 to 3 weeks, tops," as Targus concedes. D.I. 89 at 7. Victorinox then confirmed through discovery that the Targus Material Prior Art Products were indeed prior art, in an interrogatory response dated December 11, 2020. D.I. 82-1 at 4.[2] During the month from when Targus provided the first sale dates of the products to the filing of this motion, Victorinox met and conferred with Targus, drafted the proposed Amended Answer and Counterclaim, as well as this motion, in parallel with claim construction briefing. *See* D.I. 81 at 10.

Here, in total, only nine months passed between when Targus filed its complaint on April 2, 2020 and when Victorinox filed the present motion on January 15, 2021. *Compare* D.I. 1 *with* D.I. 80. In every case cited by Targus, more time had elapsed between the filing of the complaint and the motion to amend. *See Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-RGA, 2017 WL 476279 (D. Del. Feb. 3, 2017) (two years); *Asahi Glass Co. v. Guardian Indus. Corp.*, 276

---

[1] Targus produced documents showing the Targus Material Prior Art Products on January 22, 2021—***seven days after the filing of this motion***—including Exhibit B (D.I. 90-1, Ex. B) used by Targus in its opposition brief. Declaration of Kelly J. Fermoyle ("Fermoyle Decl.") ¶ 2, Ex. 14.

[2] Prior to the December 11, 2020 discovery, Victorinox could not confirm the on-sale date of the Targus products. In a supplemental interrogatory response dated November 13, 2020, Victorinox believed that an additional Targus bag (the TBC01301[US]-01) was prior art. Fermoyle Decl. ¶ 3, Ex. 15 at 74. However, in the December 11, 2020 discovery, Targus stated that the TBC01301US-01 was first sold on August 28, 2008, which puts the bag within § 102(b)'s one-year period before the filing of the patent application. D.I. 82-1 at 4.

F.R.D. 417 (D. Del. 2011) (twenty months); *Ingevity Corp. v. BASF Corp.*, C.A. No. 18-1391-RGA, 2020 WL 1329604 (D. Del. Mar. 23, 2020) (ten months); *Pfizer Inc. v. Sandoz Inc.*, C.A. No. 12-654-GMS/MPT, 2013 WL 5934635 (D. Del. Nov. 4, 2013) (sixteen months); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 265 (3d Cir. 2008) (three and a half years); *Delaware Display Group LLC v. Lenovo Group Ltd., Lenovo Holding Co., Inc.*, C.A. No. 13-2108-RGA, 2016 WL 720977, at *8 (D. Del. Feb. 23, 2016) (two years); *Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-CFC, 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020) (twenty three months).   Indeed in *Arthur v. Maersk, Inc.*, a Third Circuit case cited by Targus, the court ***granted*** the motion to amend, noting that "a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable."  434 F.3d 196, 205 (3d Cir. 2006) (granting motion to amend).

In the case with shortest duration from complaint to motion to amend, *Ingevity*, the Court determined that the defendant had the actual knowledge required in order to plead inequitable conduct ***before*** the deadline for amended pleadings, as demonstrated by defendant's "own statements."  2020 WL 1329604, at *3.  Here, Targus has not alleged that Victorinox knew of the Targus Material Prior Art Products before August 21, 2020.   Victorinox has established its diligence.

### B.     Victorinox's Amendment Will Not be Futile

Targus's futility arguments ignore the claim language, most of the claimed elements, and the parties' claim construction positions.  Victorinox's proposed amendment sufficiently alleges materiality under either party's construction of "second pouch" (*see* D.I. 68, Ex. A at 3) and Targus does not argue that any other claimed element is missing.  Targus's argument that the Targus Material Prior Art Products are cumulative similarly ignores the claim elements other than the "second pouch," and ignores Victorinox's factual allegations.

### 1.      Victorinox's Allegations Show Materiality

Targus's opposition focuses only on the "pouch" limitation because all of the other limitations of the independent claims are indisputably satisfied.  Targus also ignores the claim language, calling the "pouch" a "laptop pouch."  D.I. 89 at 10-12.  But the word "laptop" does not appear in the claims.  The proper limitation reads a "second pouch configured to receive a computer."  *See* '578 Patent, claims 1, 17, 21, 22, 28, 42, 50, 54, 57.  The specification of the '578 Patent clarifies that "computer" may be "a portable computer (not shown), such as a laptop computer, a notebook computer, a tablet computer, or the like."  *Id.* at 9:50-53.

Victorinox's position in claim construction is that a "pouch" means "a part of a case that can retain an object on at least the bottom and the sides of an object."  D.I. 68, Ex. A at 3.  Figure 13B illustrates Victorinox's understanding of the "pouch" and is shown next to the Targus CFP3 Computer Case.



*Compare* '578 Patent, Fig. 13B *with* D.I. 90-1 (Ex. C) at 222.  Under Victorinox's proposed construction, the Targus CFP3 Computer Case and Targus CCB1 Backpack plainly have a "pouch," in addition to the other claim limitations not disputed by Targus.

Targus has proposed constructions of "pouch" as either "[n]o construction necessary" or "receptacle resembling a bag in shape."  D.I. 68, Ex. A at 3.  Under either construction, the Targus CDB1 Backpack has a "pouch"—Targus concedes as much but refers to it as the "Accessory

pouch." D.I. 89 at 11. The CDB1's "second pouch" is able to hold a small computer, such as a "tablet computer, or the like," so it is a "second pouch configured to receive a computer." Whether Targus *intended* that its second pouch hold a computer or accessories is irrelevant. The Federal Circuit has repeatedly held that terms such as "configured to" do "not introduce[] a subjective element into the construction of the phrase." *Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*, 958 F.3d 1348, 1356 (Fed. Cir. 2020) (citing *In re Man Machine Interface Techs. LLC*, 822 F.3d 1282, 1286 (Fed. Cir. 2016); *In re Giannelli*, 739 F.3d 1375, 1379 (Fed. Cir. 2014); *Aspex Eyewear Inc. v. Machon Eyewear, Inc.*, 672 F.3d 1335, 1349 (Fed. Cir. 2012)). What matters is that the CDB1's "second pouch" can hold a computer. And importantly, under this construction, Targus admits that the CDB1 does not have an additional "pouch," (D.I. 81 at 11 (annotating figure as "Laptop (*no 'pouch'*)" (emphasis added)), which meets the "second storage section configured without an additional pouch" limitation. *See* '578 Patent, claim 1. Thus, regardless of which construction of "pouch" ultimately prevails, one or more of the Targus Material Prior Art Products anticipates every limitation of the independent claims of the '578 Patent. An anticipating reference is obviously material. *See Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1329 (Fed. Cir. 1998) (holding that a reference was material even though it did not have two claimed elements).

In any event, even a prior art product that has all but one limitation can be "material" for purposes of inequitable conduct. *See*, *e.g.*, *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1354 (Fed. Cir. 2017). This is especially so when, as here, the allegedly missing element is present in other prior art, as alleged by Victorinox. *See*, *e.g.*, Fermoyle Decl. ¶¶ 4-6, Ex. 16 at 8; Ex. 17 at 7; Ex. 18 at 5.

### 2. The Targus Material Prior Art Products Are Not Cumulative

Targus's argument that the Targus Material Prior Art Products are "cumulative" again focuses solely on the "pouch" limitation. D.I. 89 at 12-14. Targus argues that these Targus prior

art products are cumulative because Targus "submitted the laptop bags with similar strap designs like the CCB1 and CFP3 . . . to the Patent Office during prosecution." *Id*. at 13. This statement is utterly untrue; Targus did not submit *any* "laptop bags" during prosecution, let alone *its own* prior art laptop bags that anticipate the claims. Targus points to three references—U.S. Patent No. 5,881,850; U.S. Patent Pub. No. 2009/0294235; and U.S. Patent No. 5,909,806—as allegedly cumulative to the Targus Material Prior Art Products. *Id*. at 13-14. But Targus ignores every limitation of the claims besides the "second pouch" in making its "cumulativeness" argument. Those references, unlike the Targus Material Prior Art Products, lack numerous features that meet claim limitations. For example, none of these references, as compared to the Targus Material Prior Art Products, discloses: a "second storage section configured without an additional pouch" (required by all claims of the patent); a case that is "configured to enable a scanning device to scan through" (required by all claims of the patent); and there is no indication that the outer sides lay "flat upon a same planar surface" (required by all claims of the patent). Moreover, the three references cited by Targus are not "configured as a backpack and further comprising first and second shoulder straps coupled to the second outer side of the second storage section, the first and second straps configured to receive a user's shoulders to support the case" (required by Claim 44 of the '578 Patent); yet this is clearly disclosed by the two concealed Targus Prior Art backpacks CCB1 and CFP3. Thus, the concealed Targus Prior Art is not cumulative.

The claim charts attached to the proposed amended pleading, D.I. 80-1, Exhibits E, F, G, "*explain* the 'why' and the 'how'" an examiner would have applied the prior art. *See Aerocrine AB v. Apieron Inc.*, C.A. No. 08-787-LPS, 2010 WL 1225090, at *9 (D. Del. Mar. 30, 2010). The proposed amended pleading also alleges specific facts why the Targus Material Prior Art Products are not cumulative, including:

> Because the examiner was not informed of this highly material prior art, the examiner examined the patent application that led to the '578 Patent using references not even directed to computer bags. *See, e.g.*, Ex. C hereto at 25 (noting that Schell "does not even consider a portable computer as this technology did not exist at this time"), 65 (noting that Cline "does not even consider a portable computer as this technology did not exist at the time").

D.I. 80-1 ¶ 69. In addition, the '578 Patent, referenced throughout the amended counterclaim, is clear on its face that no prior art products were before the Patent Office. These specific facts sufficiently allege that the Targus Material Prior Art Products are not cumulative.

### 3. Victorinox Sufficiently Alleged Specific Intent

Targus does not contest that the proposed amended pleadings adequately allege that the inventors have knowledge of the Targus Material Prior Art Products. *See* D.I. 89 at 14-15. Targus only argues that "the amendment alleges no facts supporting the alleged intent." *Id.* at 15. But given the specific factual allegations that the Targus Material Prior Art Products were highly material, and that the inventors had specific knowledge including emails regarding the products, "the intent to deceive the PTO 'flows logically from the facts alleged.'" *The Meds. Co. v. Teva Parenteral Meds., Inc.*, C.A. No. 09-750-ER, 2011 WL 13135647, at *19 (D. Del. Aug. 26, 2011). Victorinox's proposed amended pleading alleges that "[o]n information and belief, Cuong, Gormick, and Shortt, knowingly withheld this material information with the specific intent to deceive the PTO, because they failed to disclose to the PTO the Targus Material Prior Art Products, which were computer bags that isolated the computer in a storage section, and that was to be opened and laid horizontally during screening so as to allow uninhibited screening of a computer." D.I. 80-1 ¶ 69. From these factual allegations, "[i]t is reasonable to infer from the applicant's conduct . . . that the applicant intended to deceive the PTO." *Courtesy Prods. L.L.C. v. Hamilton Beach Brands, Inc.*, C.A. No. 13-2012-SLR-SRF, 2015 WL 6159113, at *7 (D. Del. Oct. 20, 2015). Accordingly, Victorinox has sufficiently pleaded the specific intent requirement.

### C.     Targus Will Not Be Unduly Prejudiced

Victorinox is not "switch[ing] theories" by this proposed amendment. *See* D.I. 89 at 16. As the proposed amended pleading plainly states, Victorinox's allegations regarding the Targus Material Prior Art Products are "[i]n addition to" its allegations regarding the TSA RFI. D.I. 80-1 ¶ 49. Put simply, Targus did not tell the PTO about the TSA RFI ***and*** did not tell the PTO about the Targus Material Prior Art Products. *See* D.I. 80-1 ¶¶ 24-70. By this amendment, Victorinox intends to pursue ***both*** inequitable conduct theories.

In any case, Targus's argument amounts to a repeated argument about the timing of the proposed amendment. Even if Targus suffered any additional burdens in having to defend an additional inequitable conduct claim, it does not rise to the level of ***undue*** prejudice. *See ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 579 (D. Del. 2009) (finding that "any prejudice to Plaintiff which would exist as a result of permitting Defendant to add its inequitable conduct claim is not undue, and therefore, does not warrant denial of leave to amend").

In this case, discovery remains open until June 30, 2021 (D.I. 18 ¶ 3.a), no depositions have been taken or scheduled, and trial is more than a year away (*id.* ¶ 16). Thus it is relatively ***early*** in the case for Victorinox to have gathered evidence of inequitable conduct. Considering the stage of the case and that Victorinox is already entitled to discovery on its existing inequitable conduct claim, there is no reason that this amendment would cause any delays in the case schedule.

## III.     CONCLUSION

For the reasons set forth herein, Victorinox respectfully requests that the Court grant its

motion.

*/s/ Francis DiGiovanni* _____

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*Victorinox Swiss Army, Inc.*

Dated:  February 5, 2021

9