IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-464-RGA |
| | ) |
| VICTORINOX SWISS ARMY, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING THE "POUCH" CLAIM LIMITATION

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
Jenna E. Saunders
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com
jenna.saunders@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff Victorinox Swiss Army, Inc.*

Dated:  April 1, 2021

## TABLE OF CONTENTS

                    **Page**

**A.**     **The Claims Support Victorinox's Construction and Refute Targus's** ........................ 1

**B.**     **The Specification Compels Victorinox's Construction** ................................................. 2

**C.**     **The Prosecution History Shows that the Applicants Understood "Pouch" to Include Recessed Pouches with a Retention Strap** .......................................................... 5

**D.**     **Targus's "Tray" Argument Utterly Fails** ...................................................................... 7

**E.**     **Targus's Modified Construction Fails to the Extent it Seeks to Exclude Recessed Pouches** ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Audio Evolution Diagnostics, Inc. v. AMD Glob. Telemed., Inc.*,
  C.A. No. 16-1280-LPS, 2018 WL 2316635 (D. Del. May 22, 2018) ........................................ 7

*GE Lighting Sols., LLC v. AgiLight, Inc.*,
  750 F.3d 1304 (Fed. Cir. 2014) ................................................................................................. 4

*Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp., Inc.*,
  123 F.3d 1445 (Fed. Cir. 1997) ................................................................................................. 8

*Huvepharma Eood and Hvepharma, Inc. v. Assoc. British Foods, PLC*,
  C.A. Nos. 18-129-RGA, 18-914-RGA, 2019 WL 2571167 (D. Del. June 21,
  2019) .......................................................................................................................................... 7

*Kaneka Corp. v. Xiamen Kingdomway Grp. Co.*,
  790 F.3d 1298 (Fed. Cir. 2015) ................................................................................................. 4

*Medicines Co. v. Mylan, Inc.*,
  853 F.3d 1296 (Fed. Cir. 2017) ................................................................................................. 2

*Personalized Media Communc'ns, LLC v. Apple Inc.*,
  952 F.3d 1336 (Fed. Cir. 2020) ................................................................................................. 6

*Renishaw PLC v. Marposs Societa'
  per Azioni*, 158 F.3d 1243, 1252 (Fed. Cir. 1998) ................................................................... 2

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
  299 F.3d 1313 (Fed. Cir. 2002) ................................................................................................. 6

| Targus' Proposed Construction | Victorinox's Proposed Construction |
|---|---|
| No construction necessary<br>Or<br>"receptacle resembling a bag in shape"<br><br>Alt:<br>"a pocket or enclosed receptacle" | "a part of a case that can retain an object on at least the bottom and the sides of an object"<br><br>Alt:<br>"a pocket, receptacle, recess, or other structure that is able to hold one or more objects" |

Victorinox's proposed constructions of "pouch" are supported by the hierarchy of claim construction evidence as instructed by the Federal Circuit in *Vitronics*, *Phillips*, and their progeny. Targus's proposal—which is crafted to exclude recessed pouches with a retention strap as shown in Figure 13B of the '578 Patent—is inconsistent with that evidence.

### A.     The Claims Support Victorinox's Construction and Refute Targus's

Claim 27, which depends from Claim 22 and matches Figure 13B, confirms that a recessed pouch is indeed a "pouch." Figure 13B depicts a computer storage section of a bi-fold bag that is formed by a recess (1306) in the second section, with a retention member (1330) securing the computer:



The specification describes Figure 13B as follows:

> The computer case 1300 may be opened into the unfolded configuration by releasing the fastener 1312 as shown in FIG. 13B. The inner side 1309 of the second, computer storage section 1308 may comprise a recess 1306. The recess 1306 may be configured to receive a portable computer, such as a laptop (not shown). ***The portable computer may be secured within the recess 1306 using retention member 1330,*** such as a cover (not shown), a strap, or other selective retention means (e.g., a friction fit, a lip on the recess 1306, webbing, one or more cords, or the like).

'578 Patent 16:29-38.[1]

---

[1] All emphasis added unless otherwise noted.

1

Claim 27 adopts the language used in the specification's description of Figure 13B, specifically the "retention member" and "secur[e]" the "computer" language:

> 27. The computer case of claim 22, wherein the second storage section comprises a ***retention member*** configured to ***secure the computer*** within the second pouch.

'578 Patent, Claim 27. Importantly, the quoted specification text above (describing Figure 13B's "retention member" used to "secure" the computer) appears *only* in two places in the patent: in the passage describing Figure 13B and in claim 27. Thus, it follows that the Applicants intended to evoke that text (and Figure 13B) in the language of claim 27. *See Medicines Co. v. Mylan, Inc.*, 853 F.3d 1296, 1309 (Fed. Cir. 2017) (construing disputed claim term in light of the "sole portion of the specification that discloses" the term); *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1252 (Fed. Cir. 1998) ("[W]ords must be used in the same way in both the claims and the specification."). Accordingly, the Applicants used the term "pouch" in claim 27 (and in claim 22) to refer to the recessed pouch depicted in Figure 13B.

B.  **The Specification Compels Victorinox's Construction**

The '578 Patent's specification is another strong indicator of the meaning of "pouch."

The embodiments of Figures 5 and 13 show a second pouch (a computer pouch) that is formed by a recess (annotated in red):



Targus's construction would read out these embodiments. Indeed, Targus's construction would read out ***all embodiments*** of the invention depicted in the '578 Patent. Of the 13 embodiments in the Figures, eight (Figures 1-4 and 6-9) are inapplicable because they are not

2

claimed "bi-fold" bags. Targus's construction would further read out Figures 5 and 13 because, under Targus's argument, a recessed pouch is not a "pouch." This leaves the embodiments of Figures 10, 11, and 12. But those embodiments also have recessed pouches, and thus would not be covered under Targus's construction. Specifically:

**Figure 10:** The specification explains that in Figure 10, "[t]he second storage section 1008 may comprise a cover 1009 to protect the computer (not shown) from loss and/or damage (e.g., scratching) when the case 1000 is in the unfolded configuration." '578 Patent at 9:53-56. The specification further explains that "the cover 1009 may be configured to allow a computer (not shown) disposed within the second storage section 1008 to be visible by screening personnel" and that "[i]n these embodiments, the cover 1009 may be substantially transparent." *Id.* at 9:64-10:2. These descriptions indicate that the "cover" merely covers one side of the computer, protecting it from scratches and, if the cover were transparent, the computer would be visible. Such a "cover" would thus be covering an open face of the computer, i.e., a computer in a recessed pouch. This is consistent with the specification's use of the term "cover"—i.e., a "cover" over a recessed pouch. *See id.* at 16:30-37 ("as shown in FIG. 13B . . . [t]he portable computer may be secured within the recess 1306 using retention member 1330, *such as a cover* (not shown), a strap, or other selective retention means"). Thus, the Figure 10 embodiment would be excluded by Targus's construction.

**Figure 11:** Figure 11, like Figure 10, depicts a computer in a recessed pouch. This is evidenced by the same "cover" descriptions as are present for Figure 10—protecting against scratches, and if the cover is transparent, mesh, or sheer, the computer would be visible. *See id.* at 11:53-12:10. Thus, the Figure 11 embodiment would be excluded by Targus's construction.

3

**Figure 12:** This embodiment would likewise be excluded under Targus's construction of "pouch." As with Figures 10 and 11, the computer has an open face, covered only with a "cover" that protects against scratches, and if the cover is transparent, mesh, or sheer, the computer would be visible. *Id*. at 13:43-67. In the Figure 12 embodiment, in particular in Figure 12D, "the cover 1209 may allow a portion of the computer 1206 to be seen . . . [to] allow the visible portion of the computer 1206 to be visually inspected by screening personnel when the case 1200 is in the open, unfolded configuration even if the cover 1209 is comprised of non-transparent, opaque materials." *Id*. at 14:1-6. This additional description indicates that the computer has an open face as it is in the recessed pouch. Thus, the Figure 12 embodiment would be excluded by Targus's construction.

Accordingly, under Targus's construction, ***all of the preferred embodiments of the invention depicted in the specification would be excluded from the scope of the claims***. Such a reading is strongly disfavored by the canons of claim construction. *See Kaneka Corp. v. Xiamen Kingdomway Grp. Co.*, 790 F.3d 1298, 1304 (Fed. Cir. 2015) ("A construction that excludes ***all*** disclosed embodiments . . . is especially disfavored.") (emphasis in original); *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1311 (Fed. Cir. 2014) ("[W]here claims can reasonably [be] interpreted to include a specific embodiment, it is incorrect to construe the claims to exclude that embodiment, absent probative evidence on the contrary.").[2]

---

[2] Should Targus argue, on reply, that one or more of the "cover" embodiments (Figures 10, 11, and 12) falls within the scope of Targus's construction of "pouch," this is flatly refuted by Figures 11-13 and their accompanying specification passages recited above. In any event, even if this argument were accepted, the embodiment of Figure 13B would also fall within the claims. The specification indicates that a cover is a retention means, just like a strap. *See* '578 Patent at 16:29-38 ("[t]he portable computer may be secured within the recess 1306 using retention member 1330, such as a cover (not shown), a strap, or other selective retention means").

### C. The Prosecution History Shows that the Applicants Understood "Pouch" to Include Recessed Pouches with a Retention Strap

The prosecution history shows that both the Examiner and the Applicants referred to recessed pouches as "pouches," and thus understood that such pouches were covered by the claims.

Early in the prosecution, the Examiner entered a restriction requirement, and the Applicant responded to it. These prosecution history exchanges show that both the Applicants and the Examiner understood that the embodiments of Figures 5 and 13 (showing recessed pouches) were included within the scope of the claims. The Office Action of April 6, 2012, set forth the restriction requirement, identifying a number of distinct species of the invention and stating that "Species E is drawn to a clam shell type portable computer with a recess (Figs 5A-5B)" and "Species M is drawn to a clam shell portable computer case comprising a recess having an inner releasable strap (Figs 13A-13B)." Ex. C at 3-4. In response, the Applicants confirmed that the claimed invention was directed to embodiments that had the configuration of Figures 5 and 13: "independent claims 1, 19, 23, 24, 30, and 44 are generic to at least Species E [Fig. 5], J, K, L, and M [Fig. 13] as identified by the Examiner." Ex. D at 2. Thus, Applicants understood the embodiments of Figures 5 and 13 to be within the scope of the claimed invention.

Throughout prosecution, the Applicants never yielded from their embrace of Figures 5 and 13. Indeed, they doubled down on it.

The Applicants represented to the Patent Office, while *every* pending claim required a "second *pouch* configured to receive a computer," that "the presently pending claims are directed to bi-fold *embodiments*, such as those represented in Figures *5A*, *5B*, 10D, 10E, 11A-D, 12A-12D, *13A*, and *13B*." D.I. 101, Ex. 2 at ECF-57. By representing that the presently pending claims were directed to particular "embodiments," the Applicants were using the term

5

"embodiment" to refer to **the claimed invention**.  See *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1330 (Fed. Cir. 2002) (describing "embodiments" as "preferred embodiments for practicing the claimed invention"); *Personalized Media Communc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1340 (Fed. Cir. 2020) (noting that "express representations made by the applicant regarding the scope of the claims . . . . inform the claim construction."). Thus, the Applicants represented to the Patent Office (and notified the public) that Figures 5 and 13 were embodiments of bi-fold cases having a "second *pouch* configured to receive a computer." Thus, the recessed pouch depicted in Figures 5 and 13 must fall within the definition of "pouch."

Similarly, the prosecution history shows that while application claim 29, which required that "the second storage section comprises a *recess* configured to receive the computer, and wherein the *retention member* comprises a *strap* configured to secure the computer within the *recess*," was pending, the Applicant represented to the Patent Office that "[t]he application teaches a second storage section is limited to only having a second *pouch*," wherein "the computer [is] in the second *pouch*." D.I. 101 at ECF-71, 80. The Applicants thus re-confirmed their understanding of the term "pouch"—that it includes recessed pouches having a strap to secure the computer.

These prosecution history exchanges refute Targus's argument "the Examiner and Targus consistently confirmed during prosecution that pouch referred to pockets and enclosed receptacles" (D.I. 123 at 3). Targus's cited prosecution history is not inconsistent with Victorinox's proposal and cited prosecution history. Targus merely points to several passages wherein the Examiner referred to enclosed pouches as "pouches." D.I. 123 at 3. Victorinox does not dispute that the prior art Schell, Cline, and Jackson references show pouches. But so do Figures 5B and 13B, as indicated by other portions of the prosecution history.

In its claim construction briefing, Targus tripled down on its embrace of Figures 5 and 13, relying on them for several arguments. To support its "uninhibited scanning" argument, Targus noted that Claim 1 required "uninhibited scanning of a computer *in the second pouch* of the second storage section," and argued that "Figure 5B depicts an unfolded, bi-fold case *with this 'uninhibited scanning' feature*." *See* D.I. 100 [Targus] at 64. Similarly, to support its position on the "an object is removed" method limitation, Targus again relied on Figure 5B. *See id.* at 47-48; *see also id.* at 42 (relying on Fig. 13B). Although Targus's concessions during claim construction are not in and of themselves intrinsic evidence, they reflect on the meaning of the claim terms. *See Huvepharma Eood and Hvepharma, Inc. v. Assoc. British Foods, PLC*, C.A. Nos. 18-129-RGA, 18-914-RGA, 2019 WL 2571167 at *7 (D. Del. June 21, 2019) (agreeing with defendants' proposed construction, which defendants argued "comport[ed] with statements that Plaintiffs made in the claim construction briefing"); *Audio Evolution Diagnostics, Inc. v. AMD Glob. Telemed., Inc.*, C.A. No. 16-1280-LPS, 2018 WL 2316635 at *3 (D. Del. May 22, 2018) (construing claim term consistently with concessions made by plaintiff during claim construction arguments).

### D. Targus's "Tray" Argument Utterly Fails

Targus's protracted "tray" argument (D.I. 123 at 4-7) not only fails, but backfires. The intrinsic evidence unambiguously demonstrates that a "tray"—which is the term that Targus uses to describe a recessed pouch—is a separate and distinct feature from a recessed pouch. Thus, Targus's efforts to portray a recessed pouch as a "tray" is a fiction.

Targus's argument is exposed as erroneous by first examining the specification:

> Referring to FIG. 6, an alternative embodiment of a computer case 600 is shown, which comprises a base section 602 and an *extendable tray 604*. The *extendable tray 604* comprises a recess to receive, support, and protect a portable computer 606. In a closed position, at least the majority of the *extendable tray 604* rests within the base section 602. In an open position, the *extendable tray 604* extends

7

sufficiently from the base section 602 to expose the computer 606 for screening. The *tray 604* may be configured to extend from a top, side, or bottom of the computer case 600.



Fig. 6

'578 Patent at 5:12-21 and Fig. 6 (annotated); *see also* Fig. 9C. Thus, the Applicants considered a "tray" to be the extendable pull-out mechanism that "comprises" (i.e., *includes*[3]) a recess (which is the pouch). The tray itself is not the recess or pouch. The tray "is" no more a pouch than a female marsupial "is" a pouch. A tray *has* a pouch, as does a female marsupial.

The patent examiner also understood that a "tray" *has* a recess or pouch, not that it *is* one. In the Office Action of April 6, 2012, the Examiner stated the following as part of a restriction requirement: "Species F is drawn to a portable computer case with an extendable tray *comprising* a recess (Fig 6)." Ex. C at 3.

Thus, Targus's argument that Victorinox's "admission" that trays are not "pouches" somehow admits that recessed pouches are not "pouches" is nonsensical and incorrect. Simply

---

[3] The word "comprises" means "includes." *See, e.g., Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp., Inc.*, 123 F.3d 1445, 1451 (Fed. Cir. 1997) ("'including' is synonymous with 'comprising'"). Targus erroneously reads "comprises" to mean "is," resulting in a fallacy, not a claim construction. Targus's error appears in its Supplemental Brief as follows:

> Indeed, the specification describes both trays in Figures 6 and 13B as a "recess." Figure 6's "extendable tray 604 comprises a *recess*" for the computer. '578 Patent at 5:12-16 (emphasis added). Likewise, Figure 13B "comprise[s] a *recess* 1306 [that] may be configured to receive a portable computer." *Id.* at 16:32-33 (emphasis added).

D.I. 123 at 5.

8

put, the patent depicts recessed pouches as being a *part* (or a *feature*) of a tray. Those recessed pouches are "pouches." The entire tray is not a "pouch" (although a tray may *include* a pouch).

      E.      **Targus's Modified Construction Fails to the Extent it Seeks to Exclude Recessed Pouches**

Targus has now proposed an alternative construction: "a pocket or enclosed receptable." D.I. 123 at 1. Targus apparently inserts the term "enclosed" in this construction to try to read out recessed pouches. There is no support for this. In any event, the term "enclosed" or "enclosure" would encompass a pouch having a strap as an enclosing member. Targus admitted as much at the *Markman* hearing: Referring to Figure 3, Targus conceded that "the specification refers to Item 306 as a fastener, so that's a fastener that substantially *encloses* only the second pouch and retains a computer therein." D.I. 123, Ex. A at 10:1-4. Item 306, very clearly, is a strap (annotated in blue):



Targus's argument based on prosecution history (D.I. 123 at 2, bottom), apparently to urge for a construction that would require a fully enveloping and sealed opening, misconstrues the prosecution history. Targus notes that the Applicants amended Claim 1 to recite "a second pouch fastener configured to substantially enclose only the second pouch and thereby retain a computer therein." *Id.* Yet, the term "fastener" was plainly used in the specification to refer to a strap, latch, or the like, and not (as Targus implies) a mechanism that fully envelopes and seals the pouch. *See*, *e.g.*, "fastener 306" in Figs. 3A, 3B (described at 3:36-45); "fastener 702" in Figs. 7A, 7B (described at 5:37-47); "fastener 1012" in Fig. 10 (described at 9:22-24 as "The

9

fastener 1012 may comprise any fastening means known in the art including, but not limited to: a buckle, a button, a pin, *a strap*, Velcro, a Zipper, or the like."). Thus, the strap (retention member) depicted in Figure 13B would "enclose" a pouch and Figure 13B depicts a "pouch" even under Targus's construction.

To the extent that a pouch must "at least partially cover" the computer (argued by Targus, D.I. 123 at 5), the pouch depicted in Figure 13B does that: the pouch "at least partially covers" the computer on the back[4]; on all sides; and (via the strap, which is not limited in width) on the front.

\* \* \*

Victorinox respectfully asks the Court to construe the term "pouch" as "a pocket, receptacle, recess, or other structure that is able to hold one or more objects." This construction is compelled by the evidence cited and arguments made herein and in Victorinox's original claim construction briefing (D.I. 100) and at the claim construction hearing.

|  |  |
|---|---|
| | */s/ Francis DiGiovanni* |
| OF COUNSEL: | Francis DiGiovanni (#3189) |
| | Thatcher A. Rahmeier (#5222) |
| Kelly J. Fermoyle | FAEGRE DRINKER BIDDLE & REATH LLP |
| Jenna E. Saunders | 222 Delaware Ave., Ste. 1410 |
| FAEGRE DRINKER BIDDLE & REATH LLP | Wilmington, DE 19801 |
| 2200 Wells Fargo Center | Phone: (302) 467-4200 |
| 90 South Seventh Street | francis.digiovanni@faegredrinker.com |
| Minneapolis, MN 55402 | thatcher.rahmeier@faegredrinker.com |
| (612) 766-7000 | |
| kelly.fermoyle@faegredrinker.com | *Attorneys for Defendant /* |
| jenna.saunders@faegredrinker.com | *Counterclaim-Plaintiff* |
| | *Victorinox Swiss Army, Inc.* |

Dated: April 1, 2021

---

[4] Indeed, element 320 of Figure 3A abuts the back of the computer and is described as "a protective covering 320 that partially covers the computer." '578 Patent, 3:60-61.

10