IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 20-464 (RGA) |
| VICTORINOX SWISS ARMY, INC., | ) REDACTED -- PUBLIC VERSION |
| Defendant. | ) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS**
**FROM ANTHONY D. RAUCCI REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Michelle E. Armond
Forrest M. McClellen
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA  92660
(949) 932-0778

Douglas R. Wilson
ARMOND WILSON LLP
9442 Capital of Texas Highway North
Plaza One, Suite 500
Austin, TX  78759
(512) 267-1663

Original Filing Date:  April 21, 2021
Redacted Filing Date:  April 23, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff*
*Targus International LLC*

Dear Judge Andrews:

Pursuant to the Scheduling Order, Targus submits this letter brief for the April 30, 2021 discovery hearing. D.I. 135; D.I. 18 ¶ 3(f). This is a patent infringement dispute. Defendant Victorinox has voluntarily waived the attorney-client privilege and produced two non-infringement opinion letters from counsel to defend against Targus' claim that Victorinox's continued infringement is willful. Everyone agrees that Victorinox waived privilege; the sole dispute here is the scope of Victorinox's waiver. Victorinox objected and refuses to provide discovery on Victorinox's subjective beliefs on infringement based on its communications with trial counsel, which are responsive to Targus' Requests For Production Nos. 100 and 109-116 and Targus' Rule 30(b)(6) Topics 11-12 and 43. Ex. 6 at 1; Ex. 3 at 6-7, 11-14; Ex. 4 at 9-10, 14.

Targus moves to compel: (1) communications and materials provided to Victorinox about the opinion letters or infringement of the '578 Patent, including those provided by trial counsel; and (2) attorney work product reflecting communications with Victorinox on those subjects. Targus is <u>not</u> seeking trial counsel's uncommunicated trial strategy materials or work product.

### A. **Victorinox Waived Privilege To Assert A Willfulness Defense**

After the filing of the complaint, Victorinox kept its infringing products on the market and obtained an opinion from outside attorney Lisa Rogowski at Rogowski Law dated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Victorinox's trial counsel proposed claim constructions reflecting ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 at 2. Before briefing, however, Victorinox voluntarily dropped its construction of "laid flat" and agreed with Targus that no construction was necessary. D.I. 68 at 2. The Court subsequently rejected Victorinox's construction of "hinge" at the claim construction hearing. D.I. 117 at 100:9-101:3. In spring 2021, Victorinox stopped selling all travel bags on its U.S. website, including the accused products, and appears to have withdrawn most of them from its U.S. sales channels. Victorinox continues to sell the accused products overseas.

On January 22, 2021, Victorinox voluntarily waived the attorney client privilege and disclosed the Rogowski opinions to Targus. Exs. 1, 2. During a meet and confer on this issue, Victorinox confirmed it will testify at trial that Victorinox subjectively believed it did not infringe based on the Rogowski opinions. Ex. 5 at 2. Both parties agreed that Victorinox waived the attorney-client privilege, but Victorinox refused to provide privileged communications with trial counsel, including those contradicting or undermining Victorinox's stated belief that it did not infringe the '578 Patent. Ex. 5 at 2; Ex. 6 at 1. Victorinox also conceded Targus was entitled to discover its subjective belief on infringement, but refused to provide discovery on that subjective belief from trial counsel. Ex. 6 at 1.

Subsequent discovery revealed Victorinox's trial counsel at Faegre Drinker orchestrated Rogowski's opinions as a litigation tactic. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### B. Asserting Advice of Counsel Defense Waives Privilege On That Subject Matter

Willful infringers are subject to enhanced damages under 35 U.S.C. § 284. Under this section, "punitive or 'increased' damages" could be recovered "in a case of willful or bad-faith infringement." *Aro Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476, 505 (1964). Willfulness centers on an accused infringer's subjective belief. *See, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923, 1933 (2016) ("The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages…."); *SRI Int'l v. Advanced Tech. Labs.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997) ("the issue of willfulness not only raises issues of reasonableness and prudence, but is often accompanied by questions of intent, belief, and credibility").

Communications with trial counsel are ordinarily privileged. However, "[o]nce a party announces that it will rely on advice of counsel, for example, in response to an assertion of willful infringement, the attorney-client privilege is waived." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006); *see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("[V]oluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege."). "[T]he waiver applies to all other communications relating to the same subject matter" regardless of "[w]hether counsel is employed by the client or hired by outside contract." *EchoStar*, 448 F.3d at 1299. This includes communications with other counsel relating to the same subject matter, including outside counsel. *Id*. The waiver also encompasses attorney work product "that discuss a communication between attorney and client concerning the subject matter of the case but are not themselves communications to or from the client." *Id.* at 1302-03.

This subject matter waiver prevents accused infringers from "us[ing] the attorney-client privilege as both a sword and a shield" where "selective waiver of the privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *EchoStar*, 448 F.3d at 1301. "Because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly" in these circumstances. *Westinghouse*, 951 F.2d at 1423.

### C. Under *Halo*, Victorinox Must Produce Privileged Communications On Infringement To Examine Victorinox's Actual Subjective Belief

Victorinox's refusal to provide communications on the same subject matter of the opinions raises the sword and shield problem. Victorinox has waived privilege and stated it will present testimony at trial that it believed it didn't infringe based on the Rogowski opinions. Ex. 5 at 2. But it simultaneously invokes privilege to block discovery on Victorinox's subjective belief based on other privileged communications Victorinox had on the same subject matter with trial counsel. Rogowski's opinions are based on discredited claim construction theories. What Victorinox previously and currently subjectively believes about its infringement risk is squarely at issue. If

Victorinox relies on an advice of counsel defense, Targus is entitled to discovery on whether Victorinox's belief is sincerely held or whether it privately believes otherwise.

Victorinox resists providing this discovery under *In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), arguing full immunity for any communications with its trial counsel at Faegre Drinker. But *Seagate* was overruled by the Supreme Court in *Halo*, which rejected *Seagate*'s "objective recklessness" standard for evaluating willfulness. *Halo*, 136 S. Ct. at 1933. *Seagate*'s refusal to provide trial counsel communications depended on the repudiated standard, which looked to "objective" defenses presented at trial and did not evaluate an infringer's subjective belief. 497 F.3d at 1371. Instead, *Halo* focused on an infringer's state of mind, measuring culpability "against the knowledge of the actor at the time of the challenged conduct." 136 S. Ct. at 1933. In any event, *Seagate* expressly recognized that the decision did "not purport to set out an absolute rule. Instead, trial courts remain free to exercise their discretion in unique circumstances to extend waiver to trial counsel . . ." 497 F.3d 1374-75.

District courts have ordered production of trial counsel's communications concerning the waived subject matter. *See, e.g.*, *Affinion Net Patents v. Maritz, Inc.*, 440 F. Supp. 2d 354, 356 (D. Del. 2006) ("When a defendant asserts the advice-of-counsel defense, the attorney-client privilege is waived as to communications with all counsel related to the same subject matter"); *AKEVA v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003) ("The infringer may not pick and choose between what opinions will be relied upon and which will be discarded … all opinions received by the client relating to infringement must be revealed, even if they come from defendants' trial attorneys"); *Monster Energy Co. v. Integrated Supply Network, LLC*, 17-cv-00548, 2018 WL 6133717, at *8 (C.D. Cal. June 18, 2018) ("communications with [trial counsel] fall within the waiver to the extent that they concern the subject matter of the waiver and do not concern litigation strategy").

Trial counsel's communications are discoverable especially when there is no meaningful distinction between trial and opinion counsel. Here, trial counsel orchestrated Rogowski's opinions. *See, e.g.*, *Cytyc Corp. v. Autocyte, Inc.*, No. 99-610-SLR, D.I. 206 at 2-3 (D. Del. Sept. 13, 2000) (extending waiver to trial counsel where "the attorneys who rendered the opinions received essentially all the underlying data upon which their opinions were based from their colleagues involved in the litigation") (attached as Ex. 8). Further, Rogowski collaborated with trial counsel. *See, e.g.*, *Tyco Healthcare Grp. v. E-Z-EM, Inc.*, No. 07-cv-262, 2010 WL 2079920, at *3 (E.D. Tex. May 24, 2010) (extending waiver to trial counsel because plaintiff "is entitled to discover the extent to which advocacy and litigation strategy influenced Mr. Scott's opinion").

The Court should order production here.

Respectfully,

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

Enclosures
cc:     All Counsel of Record (via e-mail)