IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARGUS INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>VICTORINOX SWISS ARMY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 20-464-RGA<br>)<br>)<br>)<br>)<br>) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS
FROM FRANCIS DIGIOVANNI REGARDING DISCOVERY DISPUTE**

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

Kelly J. Fermoyle
Jenna E. Saunders
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
kelly.fermoyle@faegredrinker.com
jenna.saunders@faegredrinker.com

*Attorneys for Defendant/Counterclaim Plaintiff
Victorinox Swiss Army, Inc.*

Dated:  April 23, 2021



**CONFIDENTIAL - FILED UNDER SEAL**                                                     April 23, 2021

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street, Room 4209, Unit 9
Wilmington, DE 19801

Dear Judge Andrews:

      Targus alleges willful infringement despite the facts that: (a) Victorinox Swiss Army, Inc. ("Victorinox") had no pre-Complaint notice of Targus's '578 patent (other than from a letter from Targus three days before the lawsuit); (b) Victorinox had ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ and (c) Victorinox promptly obtained an opinion of outside patent counsel. And now Targus asks the Court for an extreme remedy to complement its flimsy allegation—an order compelling Victorinox to produce privileged and work-product communications with trial counsel or otherwise reflecting trial counsel advice. Targus's motion to compel should be rejected for several reasons. First, the relief is squarely rejected by governing law. Second, it is premised on unsupported allegations. Third, it is based upon misrepresentations. And fourth, willfulness is not a viable claim in this case.

### The Opinion of Outside Patent Counsel Concluding Noninfringement

      Targus misrepresents the "outside opinion of Lisa Rogowski" (sic, Patricia Rogowski) to the Court in numerous ways in an effort to disparage it. D.I. 140 at 1. Targus misrepresents that the opinion is based on only two noninfringement bases. *Id*. But the opinion reveals many more reasons for noninfringement than that. *Id.* at Ex. 2 ("Exhibit A sets out a Claim Chart with the noninfringement analysis for Accused Products comprising briefcases. Exhibit B as updated sets out a Claim Chart with the noninfringement analysis for Accused Products comprising backpacks."). Targus omitted opinion counsel's noninfringement claim charts from its letter brief. They are attached as Exhibits A and B hereto. As an example, ■ bases of noninfringement are set forth for claim 1. Targus also argues that noninfringement based on the limitation that "the outer sides of both the first and second storage sections laid flat upon the same planar surface" (which appears in all claims) is based on a "discredited claim construction" because the parties agreed that the term needs no construction (D.I. 100 at 7). This is incorrect. Victorinox has continuously asserted noninfringement based on the absence of this limitation. The parties' agreement that the term needs no construction merely means that the plain and ordinary meaning of the term applies. Using the plain and ordinary meaning, the limitation is clearly not met:

As seen in this photo of Victorinox's accused Wenger Legacy Backpack, "the outer sides of both the first and second storage sections" are not "laid flat upon the same planar surface." A similar noninfringement defense applies to all of Victorinox's accused bags.



      In addition to misrepresenting the opinion of counsel, Targus makes the unsupported and contemptibly disparaging allegations that Victorinox's undersigned trial counsel "orchestrated Rogowski's opinions as a litigation tactic" and "directed Victorinox to obtain an opinion from

1

Rogowski" and that "Rogowski collaborated with trial counsel." D.I. 140 at 1, 3. These statements—made without any evidence and levied against attorneys each having 25-plus years' experience as members of the Delaware Bar—are shamefully irresponsible and meritless. Forwarding the Complaint and the physical samples of the accused products is not "collaboration," and Targus's empty and offensive allegations of collusion should be rejected outright.

### Victorinox's Reliance on the Opinion of Counsel and the Limited Privilege Waiver

Victorinox has relied on Ms. Rogowski's opinion of counsel, and has informed Targus of this. Victorinox has agreed that this waives attorney-client privilege with regard to communications to or from Ms. Rogowski regarding the subject matter of the opinion (noninfringement). These documents have been produced to Targus, along with the opinion (and its supplementation based on newly asserted products). However, Victorinox has maintained its attorney-client privilege and work-product protection on communications between Victorinox and trial counsel, including communications relating to noninfringement. Targus seeks an order compelling these privileged trial counsel communications. The law precludes such a radical order.

### *Seagate* and the Overwhelming Support of the Courts Rejects Waiver of Privileged Communications Involving Trial Counsel

In *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*), the Federal Circuit held that the privilege waiver that results from relying upon advice of opinion counsel does not extend to communications with trial counsel. The court looked to "the significantly different functions of trial counsel and opinion counsel." *Id*. at 1373. The court explained:

> Whereas opinion counsel serves to provide an objective assessment for making informed business decisions, trial counsel focuses on litigation strategy and evaluates the most successful manner of presenting a case to a judicial decision maker. And trial counsel is engaged in an adversarial process . . . . Because of the fundamental difference between these types of legal advice, this situation does not present the classic "sword and shield" concerns typically mandating broad subject matter waiver. Therefore, fairness counsels against disclosing trial counsel's communications on an entire subject matter in response to an accused infringer's reliance on opinion counsel's opinion to refute a willfulness allegation.

*Id*. The court went on to hold that assertion of the advice-of-counsel defense did not constitute a waiver of privilege over communications with trial counsel because trial counsel's work is focused on the adversarial process. *Id*. at 1374. In sum, the court held that "as a general proposition, . . . asserting the advice of counsel defense and disclosing opinions of opinion counsel do not constitute waiver of the attorney-client privilege for communications with trial counsel." *Id*.

*Seagate* was not "overruled" by *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923 (2016), as Targus argues (D.I. 140 at 3), as to *Seagate*'s rejection of a waiver of trial counsel communications. Indeed, the waiver holding of the *Seagate* opinion is just as applicable under *Halo*'s willfulness test as it was under *Seagate*'s. *Seagate*'s willfulness test included a "subjective prong" that asked whether the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. Thus, the *en banc* Federal Circuit in *Seagate*, under a standard wherein subjective intent was relevant to willfulness, refused

to extend waiver to trial counsel communications. It follows then that *Halo*, which adopted a subjective standard for willfulness, would not change *Seagate*'s conclusion that trial counsel communications are not waived even in the case of reliance on opinion counsel.[1]

This Court and other district courts continue to follow this holding from *Seagate*, post-*Halo*. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, C.A. No. 08-309-LPS, 2018 WL 5631531, at *1 (D. Del. Oct. 31, 2018) (approving of defendant's practice of "consistently limit[ing] its privilege waiver to privileged information obtained from opinion counsel and claim[ing] privilege on information obtained from trial counsel"); *Johns Hopkins Univ. v. Alcon Labs., Inc.*, C.A. No. 15-525-SLR-SRF, 2017 WL 3013249, at *2 (D. Del. July 14, 2017) (reliance on an opinion of counsel results in privilege waiver relating to the scope of the opinion "other than communications with trial counsel"); *Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-CFC, No. 18-924-CFC, 2019 WL 4058929, at *1 n.2 (D. Del. Aug. 28, 2019) (noting that communications with trial counsel are a "recognized exception" to the rule that asserting an advice of counsel defense waives privilege with respect to related communications); *Wash World Inc. v. Belanger Inc.*, No. 19-C-1562, 2020 WL 7321160, at *2 (E.D. Wis. Dec. 11, 2020) ("*Halo* did not address the issue of privilege, however, so *Seagate*'s privilege holding remains the Federal Circuit law governing patent cases.") (denying plaintiff's motion to compel trial counsel's privileged communications even where trial and opinion counsel were attorneys in the same law firm).

The cases cited by Targus are distinguishable. *AKEVA*, *EchoStar*, *Affinion*, and *Cytyc* (opinion counsel and litigation counsel were from same firm and "the court cannot differentiate between trial and opinion counsel") are pre-*Seagate*. In *Monster Energy Co. v. Integrated Supply Network, LLC*, 2018 WL 6133717, at *8 (C.D. Cal. June 18, 2018), the Magistrate Judge recognized, in a trademark case, that "[t]he significantly different functions of opinion counsel and trial counsel—such as trial counsel's need to freely prepare legal theories, develop litigation strategies, and evaluate how to present a case—caution against extending a broad waiver to trial counsel." Ultimately, due to "unique circumstances," select particular documents involving trial counsel were ordered produced. *Id*. And in *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. Civ. A. 2:07-CV-262, 2010 WL 2079920, at *2 (E.D. Tex. May 24, 2010), the E.D. Texas considered the specific issue, not present in the instant case, of "whether th[e] waiver extends to communications with trial counsel where, as here, trial counsel and opinion counsel belong to the same law firm and opinion counsel is an active member of the trial team."

Accordingly, Targus's invasive and improper effort to discover trial counsel communications should be rejected (a) because *Seagate* precludes it and (b) due to lack of relevance because Targus's allegation of willful infringement—premised on a self-serving notice letter received three days before the filing of this suit—is unrecognizable and insufficient.[2]

---

[1] Targus wrongly argues that *Seagate* "did not evaluate an infringer's subjective belief." It did, under the "subjective prong." *See Robocast, Inc. v. Apple Inc.*, 39 F. Supp. 3d 552, 567 (D. Del. 2014) ("*Seagate* sets forth a two part test with both an objective and subjective component.").

[2] *See Groove Digital, Inc. v. King.com, Ltd.*, C.A. No. 18-836-RGA, 2018 WL 6168615, at *3 (D. Del. Nov. 26, 2018) ("the pleading standard for willful infringement . . . requires allegations of willful conduct prior to the filing to the claim").

3

                                                          Respectfully Submitted,

                                                          */s/ Francis DiGiovanni*

                                                          Francis DiGiovanni (#3189)  
                                                          Faegre Drinker Biddle & Reath LLP  
                                                          222 Delaware Avenue, Suite 1410  
                                                          Wilmington, DE  19801  
                                                          (302) 467-4266  
                                                          Francis.Digiovanni@faegredrinker.com

Enclosures (under seal)  
cc:  All Counsel of Record (via e-mail)

## **CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on April 23, 2021, a copy of the Letter to the Honorable Richard G. Andrews from Francis DiGiovanni Regarding Discovery Dispute was served upon counsel of record via email.

Dated:  April 23, 2021

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)