IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TARGUS INTERNATIONAL LLC,

Plaintiff;

v.

VICTORINOX SWISS ARMY, INC.,

Defendant.

Civil Action No. 20-cv-464-RGA

MEMORANDUM ORDER

Before me is Defendant's motion for leave to amend. (D.I. 80). The matter has been fully

briefed. (D.I. 81, 89, 94). For the reasons set forth below, Defendant's motion is granted.

I.    BACKGROUND

On April 2, 2020, Plaintiff Targus filed a Complaint alleging infringement of U.S. Patent

No. 8,567,578 ("the '578 Patent") by Defendant Victorinox. (D.I. 1). On June 8, 2020,

Victorinox filed an answer in which, among other things, it alleged unenforceability of the '578

Patent due to inequitable conduct and counterclaimed for declaratory judgment of

unenforceability of the '578 Patent due to inequitable conduct and for an antitrust violation. (D.I.

11). The Scheduling Order states that the deadline to amend pleadings was August 21, 2020.

(D.I. 18 at 1). On December 18, 2020, Defendant indicated to Plaintiff that it would seek leave to

amend its answer to assert additional inequitable conduct and antitrust claims based on Targus'

CCB1, CDB1, and CFP3 bags. (D.I. 82, Ex. 9 at 3–4). Plaintiff stated it would oppose

Defendant's amendment. (D.I. 82, Ex. 12 at 1). The parties could not resolve their dispute. (D.I.

81 at 12). The instant motion followed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Third Circuit has construed Rule 15 generously, instructing that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The futility analysis follows the standard that applies to a motion to dismiss under Rule 12(b)(6). *Id.*

A request submitted after the court's deadline to amend must also meet the "good cause" standard of Rule 16(b)(4). *Premier Comp Solutions v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). That rule provides, "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "'Good cause' exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Medical, Inc. v. Ryman Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009). Unlike Rule 15(a), the Rule 16(b) standard focuses on the "diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). The Third Circuit recently clarified that the analysis under Rule 16(b)(4) logically precedes the Rule 15(a)(2) analysis. *Premier Comp*, 970 F.3d at 319 ("A party must meet [Rule 16(b)'s] standard

before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

## III. DISCUSSION

The '578 Patent describes and claims checkpoint-friendly computer cases that allow travelers to pass through airport security without removing laptops from their cases. Defendant Victorinox argues that during the prosecution of the '578 Patent, Plaintiff Targus failed to inform the patent office that it had begun to manufacture and sell two computer backpacks and a briefcase, the Targus CCB1, Targus CDB1, and Targus CFP3 ("Targus Products"). (D.I. 81 at 4). Victorinox alleges that the three products are all material prior art, anticipate numerous claims of the '578 Patent, and render multiple claims of the '578 Patent obvious when viewed in conjunction with additional prior art. (*Id.*).

### A. RULE 16(b)(4) DILIGENCE

Victorinox asserts that it did not become aware of the Targus Products until "mid to late October," after the August 21, 2020 deadline for amending pleadings and after the October 9, 2020 deadline for serving initial invalidity contentions, because Targus did not produce the documents related to the products despite Victorinox's July 2, 2020 requests for production. (D.I. 81 at 6, 9). Victorinox states that after learning about the Targus Products, it independently obtained samples from third-party internet retailers, supplemented its invalidity contentions on November 4, 2020, and then on November 11, 2020, filed discovery requests seeking "to confirm the prior art status of the products and discover whether and when the inventors had knowledge of the products." (*Id.* at 9). Victorinox contends that the process of independently obtaining the bags was "time-consuming" and was hindered by the lack of information provided by sellers relating to dates relevant for determining if the products were prior art. (*Id.*) Victorinox

states that on December 11, 2020, Targus' discovery responses confirmed that the Targus Products were prior art, but that the same responses also argued that Victorinox could not take discovery related to the inventors' knowledge of the Targus Products since it is "not relevant to any claim or defense in this lawsuit." (*Id.*; D.I. 82-8 at 6–9.) Victorinox writes that on December 18, 2020, it sought to meet and confer about the motion before the Court.

Targus argues that the Targus Products have been publicly available since 2001 and documentation of their sale has been verifiable online for just as long. Targus writes that because of this, Victorinox could have included the proposed amendments in its initial pleadings or could have amended its pleadings before the deadline. (D.I. 89 at 5). Additionally, Targus contends that Victorinox's supplemental invalidity contentions served on November 4, 2020 had claim charts containing images and dates for each of the Targus Products and, therefore, Victorinox did not need discovery to confirm the Targus Products were prior art and thus delayed in filing its motion for leave to amend. (*Id.* at 7). Targus states that Victorinox delayed further because it did not file this motion until January 15, 2020, close to a month after Victorinox indicated it planned to amend its pleading on December 18, 2020. (*Id.* at 8).

Due to the "heavy burden" in proving a claim of inequitable conduct and the fact that an inequitable conduct claim relies on evidence often only able to be obtained through discovery, it is common for a motion for leave to amend related to a claim of inequitable conduct to come after the deadline for amending pleadings. *Lipocine Inc. v. Clarus Therapeutics, Inc.,* 2020 WL 4794576 at *3 (D. Del. Aug. 18, 2020). This Court has further held that "it is not unreasonable for patent challengers to postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger [to] confirm its suspicions and gather the evidence necessary to sustain its claim." *Id.*; *see Evonik Degussa GmbH v. Materia Inc.,* 2011

WL 13152274 at *4 (D. Del. Dec. 13, 2011) (holding that a plaintiff seeking to add an inequitable conduct claim after the deadline to amend pleadings "should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment").

Victorinox did not unduly delay in its filing of the motion. After Victorinox discovered the Targus Products, it was diligent in obtaining and analyzing the products, as well as filing invalidity claims and seeking discovery in relation to the Targus Products. Victorinox was reasonable in waiting to file this motion until after Targus had responded to discovery requests seeking to corroborate Victorinox's evidence of the inventors' knowledge of the Targus Products, especially given the heightened standard of proof required for inequitable conduct claims. It was not unreasonable for Victorinox not to have discovered the existence of the Targus products until "mid to late" October. The Targus Products have not been publicly available through any official retailer of Targus Products since years before this action was filed. Currently, they are only available as resale products. Therefore, good cause exists to amend the scheduling order as it relates to the deadline to amend the pleadings.

## B. RULE 15(a)(2) UNDUE PREJUDICE

Victorinox contends that Targus will not be unduly prejudiced by the grant of this motion. Victorinox states that there will not need to be any adjustments of the deposition schedule since the inventors have not yet been deposed; there is sufficient time for discovery regarding the added claims because fact discovery does not end until June 30, 2021; and Targus already possesses the majority of the information that it would be asked to produce in additional discovery. (D.I. 81 at 11).

Targus argues that it will be unduly prejudiced because the motion was filed months after the agreed deadline to amend the pleadings. (D.I. 89 at 16). Targus argues further that this amendment to the pleadings "would necessitate a lengthy bench trial, additional discovery, and more extensive depositions," and would increase the cost and complexity of the current litigation. (*Id.*).

Targus will not be unduly prejudiced. As Victorinox correctly states, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." (D.I. 81 at 10 (quoting *Research Foundation of State University of New York v. Mylan Pharms., Inc.,* 2010 WL 2572715, at *3 (D. Del. June 28, 2010) (internal citation omitted)). Targus will have the opportunity to present relevant facts and evidence even though the complaint is amended after the deadline. There is still a month of discovery currently scheduled and there is ongoing discovery regarding similar inquiries as the claim of inequitable conduct that is already in the Complaint. Any additional expenditure or time required by Targus to defend another claim of inequitable conduct does not, in itself, amount to undue prejudice.[1]

### C. RULE 15(a)(2) FUTILITY

Victorinox alleges that it has demonstrated the materiality of its amended claims because the claim charts attached to the proposed amended answer show that the Targus Products satisfy all the limitations of the independent claims of the '578 Patent, with only disputed limitation being the "pouch limitation." (D.I. 81 at 11; D.I. 94 at 4). Victorinox claims that a "prior art product that has all but one limitation can be 'material' for purposes of inequitable conduct."

---

[1] And, to the extent more time is needed, that is not the fault of Victorinox. My delay in getting to the motion should not impact the outcome.

(D.I. 94 at 5 (citing *Regeneron Pharms., Inc. v. Merus N.V.,* 864 F.3d 1343, 1354 (Fed. Cir. 2017)).

Victorinox alleges that it has demonstrated the Targus Products are not cumulative of prior art previously disclosed during the prosecution of the '578 Patent. (D.I. 94 at 5–6). Victorinox writes that the prior art examined by the examiner "lack numerous features that meet claim limitations" and that the Targus Products readily disclose those features. (*Id.* at 6). Victorinox also contends that the Targus Products are material because, but for the inventors' non-disclosure of the Targus Products, the '578 Patent would not have issued. (D.I. 80, Ex. 1 at ¶67). Victorinox argues that the '578 prosecution history shows that the applicants distinguished prior art by adding that the purpose of the design of the invention "is to isolate the computer in the second storage section to facilitate scanning." (*Id.*). Victorinox alleges that if the examiner had been aware of the Targus Products, the '578 Patent would not have issued because the applicants would not have been able to distinguish the Targus Products on the same basis and that each of the Targus Products therefore "anticipates numerous claims of the '578 Patent and, combined with other prior art, renders multiple claims of the '578 Patent obvious." (D.I. 81 at 4, 5).

Victorinox maintains that the inventors "possessed documents and/or emails listing the [Targus Products] during the prosecution of the patent application that led to the '578 Patent." (D.I. 80, Ex. 1 at ¶69). Therefore, according to Victorinox, because the inventors knew of the Targus Products and did not disclose them while knowing that they comprised the same features that were used to differentiate the other prior art, it is therefore reasonable to infer intent to withhold the Targus Products to deceive the Patent Office into issuing the '578 Patent. (*Id.*; D.I. 94 at 7).

Targus argues that the Targus Products are not material because none of them include a laptop pouch and therefore they cannot anticipate the claims of the '578 Patent. (D.I. 89 at 12 (citing *Biogen MA Inc. v. EMD Serono, Inc.,* 976 F.3d 1326, 1331 (Fed. Cir. 2020)). Targus contends that the Targus Products are cumulative of other prior art disclosed to the Patent Office and that the inventors submitted similar laptop bag designs, such as U.S. Patent No. 5,881,850, U.S. Patent Application No. 2009/0294235, and U.S. Patent No. 5,909,806. (*Id.* at 13–14). Targus also contends that Victorinox has failed to plead facts that could lead this Court to "reasonably infer the inventors deliberately concealed" the Targus Products. (*Id.* at 14). Targus writes that since Victorinox has failed to allege facts about the specific intent of the inventors other than that they withheld the Targus Products, the amended claims are futile under Rule 15. (*Id.* at 15).

When addressing futility of a proposed amendment to add a claim of inequitable conduct to a pleading, the analysis follows the standard that applies to a motion under Rule 12(b)(6). *In re Burlington,* 114 F.3d at 1434. Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief…." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly,*

550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby,* 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 9 adds a heightened pleading standard for allegations of fraud, which includes claims of inequitable conduct. *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009). It requires a complainant to provide both a "theoretically viable claim" and the factual allegations that make it plausible. *In re Rockefeller*, 311 F.3d at 216 (emphasis in original omitted). Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). While pleading standards in patent cases generally follow that of the applicable regional circuit court, when assessing the level of particularity required by a claim of inequitable conduct under Rule 9(b), this Court applies the law of the Federal Circuit. *Exergen,* 575 F.3d at 1326. Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," the pleadings must include facts that would allow this Court to "reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material

misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328–29. Under this standard, a complainant is required to "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. A reference is material if it "establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim," and a reference is cumulative if it only contains information that is already disclosed in the art given to the Patent Office. *Id.* at 1329–30.

Victorinox has alleged sufficient facts to meet the heightened pleading standards for a claim of inequitable conduct. Victorinox has identified the "who" and "when" by naming the specific inventors who were involved in the prosecution history: Todd Gormick (Director Product Management for the Soft Goods/Bags department from 2002-2011), Robert Shortt (senior executive in sales and product development at Targus from 2007-2015), and Bui Cuong (Director of Cut and Sew (Soft Goods), Product Management beginning in 2007). (D.I. 80 at ¶¶54–66). Victorinox sufficiently explained the "what" and the "where" of the materiality of the Targus Products, by identifying the products and showing which parts of the Targus Products are supposedly material. Victorinox has explained the "how" by showing how other prior art references were differentiated and thus how an examiner would analyze the Targus Products. Victorinox has also explained that the examiner would not have found the Targus Products to be cumulative because the Targus Products are laptop bags that isolate the computer, can be opened and laid horizontally, and do not have obstructions that would prevent scanning; those characteristics are not in other references disclosed to the Patent Office. (D.I. 80 at ¶67; D.I. 94 at 5–6). Victorinox has adequately alleged why U.S. Patent No. 5,881,850, U.S. Patent Application No. 2009/0294235, and U.S. Patent No. 5,909,806 are sufficiently different than the

Targus Products. (D.I. 94 at 5–6). Victorinox has identified the particular claim limitations that are purportedly missing from the other references. It has therefore met its burden under Rule 9(b). *See Exergen,* 757 F.3d at 1329-30. This Court does not need to decide at this point whether the Targus Products are truly material or cumulative.

Furthermore, Victorinox has plead sufficient facts to allow for a reasonable inference of knowledge of the withheld material information and specific intent to deceive the PTO. Victorinox has alleged the inventors had emails that "specifically list[ed]" one or more of the Targus Products, and the inventors held positions within Targus from which it could reasonably be inferred that they had knowledge of the specifics of the actual products Targus was selling at the time, including the Targus Products.

Because it can be reasonably inferred from Victorinox's allegations that the inventors were involved in the prosecution, had specific knowledge about the Targus Products' materiality, and did not disclose the Targus Products during prosecution, deceptive intent can be inferred. *See Exergen,* 757 F.3d at 1330-31; *Research Foundation,* 2010 WL 2572715, at *3. Because the Targus Products were Targus' own bags, it would not have been difficult for the inventors to find and submit information about them to the Patent Office.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for leave to amend (D.I. 80) is GRANTED.

IT IS SO ORDERED.

Entered this 4th day of June, 2021.


  /s/ Richard G. Andrews
United States District Judge